SMITH *versus* GUILD *et al.*

If one accepts a beneficial interest under a will, he is precluded from setting up any title or claim in himself, whereby to defeat the will in any of its provisions.

Letters of administration, granted in another State, give no power of administering the property of the deceased in this State.

A delivery of possession under a writ of *habere facias possessionem*, can furnish no justification for a previous invasion of the land.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

TRESPASS, *quare clausum*. The acts complained of, were alleged to have been committed on the 15*th of May*, and on the 28*th*, 29*th & 30th of June*, 1849, *&c.*

The general issue was pleaded, with brief statement; 1st, *that* an undivided half of the land belonged to the heirs of Harvey Clapp, and that the acts complained of were done by his direction, and 2dly, *that* by virtue of a writ of *habere facias possessionem*, issued in favor of the administrator of Harvey Clapp, the possession was delivered by the officer to one of the defendants, who was the agent of said administrator.

Much evidence was introduced. The defendants there-

upon submitted to a default, which is to be taken off, if the Court, in view of the evidence, shall adjudge the action to be unmaintainable. Upon the evidence, as its effect was determined by the Court, the following may be considered the material facts in the case.

The plaintiff has occupied the land and lived upon it from the year 1819 or 1820. Prior to that occupation, however, Benjamin Hawes and James Hawes, in 1819, conveyed the land to Jacob Clapp and Harvey Clapp, taking back a mortgage to secure the purchase money.

On the same day, a deed from J. & H. Clapp to this plaintiff was prepared and lodged with a third person, to be delivered to the plaintiff, if he should make certain payments. But these payments not having been made, the papers were canceled.

In 1826, Benjamin and James Hawes, the mortgagees, released the land to J. & H. Clapp, the mortgagers.

Jacob Clapp died in 1832, having by his will devised to his daughter, Sukey Smith, the wife of the plaintiff, " *the improvement of the place on which she resides,* during her life," and the remainder to his son, the said Harvey Clapp, whom he appointed his executor.

Harvey Clapp accepted the devise, and in April, 1840, conveyed the *whole* of the land to Sidney Smith, warranting that it was free from incumbrances, *except Mrs. Sukey Smith's right,* and taking back from Sidney Smith a mortgage to secure the purchase money.

The residence of Harvey Clapp was in Massachusetts, where he died in 1840. Edmund W. Clapp was one of his heirs, and took letters from the Probate Court in *that* State, as administrator. In 1848, without having then obtained administration in *this* State, he commenced a suit, *as adminstrator,* upon said mortgage, which had been given to his intestate by Sidney Smith. While that suit was pending, Sidney Smith conveyed his rights to this plaintiff. The conditional judgment in that suit was obtained by the administrator in 1849. Upon this judgment a writ of possession was issued,

and by virtue of it, the possession was delivered, in June, 1849, to one of these defendants, acting for the administrator under a power of attorney.

It was not until 1850, that the said Edmund obtained his letters of administration in this State.

*Hannibal Belcher*, for the plaintiff.

*J. L. Cutler*, for the defendants.

The plaintiff went into possession of the land, in 1819, under his agreement to purchase of J. & H. Clapp. That agreement was canceled and he ever afterwards held in subserviency to their title. This is fully shown by his acts, letters and other declarations. The acts complained of were done under that title, and could not, therefore, constitute a trespass against the plaintiff.

The plaintiff's counsel may possibly contend that, as Jacob Clapp, although owning but an undivided half of the land, gave the use of the *whole* of it to his sister Sukey for her life, and also gave to his son Harvey the reversion of the *whole*, and as this gift was beneficial to Harvey and was accepted by him, he, the said Harvey, could not be permitted, after thus taking the benefit of one part of the will, to set up title in himself to any other part, by which to defeat the operation of the will, *in any of its parts.*

But we deny such a doctrine, and we deny its applicability to this case.

1. A grantee, when there are no covenants of warranty, may show that his grantor was not seized. *Fox* v. *Widgery*, 4 Greenl. 218; *Ham* v. *Ham*, 14 Maine, 353; *Thompson* v. *Thompson*, 19 Maine, 241.

2. If any interest pass, there shall be no estoppel. Com. Dig. a. 1. B.; E. 2; E. 4; E. 8; Co. Litt. 352, a; 45, a; 363, b.

3. "Regularly, a man shall not be concluded by acceptance or the like, before the title accrued."

"An impropriation is made after the death of an incumbent, to a bishop and his successors; the bishop by indenture demiseth the parsonage for forty years, to begin after the death

of the incumbent; the deane and chapter confirmeth it, the incumbent dieth; this demise shall not conclude, for that it appeareth that he had nothing in the impropriation till after the death of the incumbent." Co. Litt. 352, a; *Crocker* v. *Pierce,* 31 Maine, 177.

4. The covenants of warranty in the deed of a grantor are the foundation of the principle of the estoppel. There are no such covenants in a will. *Allen* v. *Sayward,* 5 Greenl. 227; *Baxter* v. *Bradbury,* 20 Maine, 260.

5. Here defendants claim title by deed anterior to any derivation under the will.

So far as the bequest to Sukey Smith is concerned, Harvey Clapp is a stranger. He derives no title, and sets up no title, under it.

The grantee or lessee in a deed poll is not in general estopped from gainsaying any thing mentioned in the deed; for it is the deed of the grantor or lessor only; (yet if such grantee or lessee claims title under the deed, he is thereby estopped to deny the title of the grantee.)

The reason wherefore a deed indented shall include the taker more than the deed poll is, that it is only the deed of the feoffor, donor and lessor; but the deed indented is the deed of both parties, and therefore as well the taker as the giver is concluded. Co. Litt. 363, b. before cited; 1 Greenl. Ev. § 22, 23 & 24.

Harvey Clapp was tenant in common, as owner of half the land, subject to Mrs. Smith's life interest. Edmund W. Clapp was an heir, as well as the administrator of his estate. He authorized Elliot Guild, one of these defendants, to take the possession. Neither Elliot nor the other defendant did any act injurious to the plaintiff. The officer's return shows that the possession was delivered to Elliot, for which he had a power of attorney. And this power being from an heir, as well as from the administrator, well justified his acts.

Though Edmund W. Clapp, not having been appointed as administrator in this State, may not have been sufficiently authorized to sustain the action upon the mortgage against

Sidney Smith, yet the judgment thereon recovered, is of full force till reversed.

But we have not exercised, nor do we set up, any claim inconsistent with the rights of Sukey Smith. It was for her interest that the mortgage should be foreclosed. Our claim is subject to her life estate.

6. Can the plaintiff, occupying merely under title of his wife, maintain this suit in his own name alone ?

TENNEY, J. — Jacob Clapp and Harvey Clapp, had an indefeasible title to the premises, as early as May 6, 1826, the day on which the release of Benjamin Hawes and James Hawes was made. No change in their title having taken place, they were the owners and tenants in common and undivided in equal moieties till the death of Jacob Clapp, which occurred in 1832. Jacob Clapp, by his will, dated May 8, 1832, and approved July 3, 1832, devised to his daughter Sukey Smith, the wife of the plaintiff, the improvement of the entire premises, during her life ; and the remainder in the whole to Harvey Clapp ; he also devised and bequeathed to Harvey Clapp, one fourth part of all the residue of his property, both real and personal, of which he was the owner at the time of his decease ; and the remaining portion of his property, real and personal, he devised and bequeathed to two other sons.

The death and the will of Jacob Clapp could not alone divest Harvey Clapp of the interest, which he previously had under the deed from Benjamin and James Hawes, in the premises. But it is a doctrine well established in equity and in law, that if one accept a beneficial interest under a will, he thereby bars himself from setting up a claim, which will prevent its full operation. *Thellason* v. *Woodford*, 13 Ves. 209 ; *Hyde* v. *Baldwin*, 17 Pick. 303 ; *Weeks* v. *Patten*, 18 Maine, 42.

By the provisions of the will, instead of an absolute estate, in an undivided half of the premises, which he owned, Harvey Clapp obtained the whole thereof, after the termination of

the particular estate in Sukey Smith, and other interests also, in the testator's property, the value of which is not disclosed. The evidence is plenary, that he accepted what he regarded as a beneficial interest under the will. He treated the right in the entire premises, after the decease of Sukey Smith, derived by the will, as his own. According to the testimony adduced by the defendants, he negotiated their sale as early as 1836; and on April 1, 1840, he conveyed the whole of the premises to Sidney Smith, and took back a mortgage of the same to secure the notes given for the purchase money.

This is sufficient to show, that he accepted the interest under the will, as beneficial to him, and he is held by the principle adverted to, to confirm and ratify every other part of the will; and he cannot set up his former claim, though in other respects legal and well founded. In addition to this, the mortgage deed from Sidney Smith to Harvey Clapp, which is in the case, contains a recital that the premises therein described, which are identical with those in controversy, were conveyed on the same day to Sidney Smith, by Harvey Clapp; and the right of Sukey Smith is excepted from the conveyance, and from the covenants of general warranty. The right of Sukey Smith under the will, which Harvey Clapp had confirmed, was the improvement of the premises during her life. The only interest of Harvey Clapp was under this mortgage deed, and he accepted it according to its terms. He is, therefore, barred of his original claim to one half the premises. He had no power to controvert the right of Sukey Smith under her father's will, or to deprive her or her husband who was in possession, of any interest, which either of them had, by the operation of his original title in the premises; or to enter into the possession of the same, during her life.

Harvey Clapp is proved to have died in the year 1840. Have the proceedings since his death changed the rights of the plaintiff? Edmund W. Clapp first obtained letters of administration from a Probate Court in this State, on April 2, 1850. But as administrator of the goods and estate of Harvey Clapp, who resided in Massachusetts at the time of his death and

Smith *v.* Guild.

previously, but not under any appointment in this State, he instituted a suit in the county of Franklin, against Sidney Smith on the mortgage given by him to Harvey Clapp, for the purpose of obtaining possession for condition broken, and to foreclose the same.    This action was entered at a term of the late District Court, holden for the county of Franklin, on the last Monday of September, A. D. 1848, and continued to the next term of the same Court, holden on the last Monday of March, A. D. 1849, when the defendant therein was defaulted, and the conditional judgment was rendered.    The condition not having been fulfilled, a writ of possession issued, on May 30, 1849; and upon it an officer returned, on June 4, 1849, that he had caused Edmund W. Clapp, administrator, to have possession of the premises described, by his agent Samuel E. Guild, who it appears had a power of attorney for such purpose, dated May 3, 1849, executed by Edmund W. Clapp, administrator.

Before this judgment, Edmund W. Clapp had no power as administrator of the goods and estate of Harvey Clapp in this State.    *Goodwin* v. *Jones*, 3 Mass. 514.    He was a stranger to the premises till that time.    This judgment was limited in its effects to its own legitimate operations.    It had no authority by implication.    The one, in whose favor it was, could have no rights under it, beyond the power, which it conferred under the statute.    It gave him no right to possession, until after two months, from the time it was rendered.    The possession under it, given to one of the defendants as the agent of Edmund W. Clapp, was subsequent to the time alleged in the writ in this action, when a part of the acts complained of, were committed.    The case finds no other time, when they were actually done.    And the possession given by the officer afterwards could be no justification.

If the alleged trespass was after the possession under the officer, as it is said for the defendants in argument, that it was, it could have no effect to relieve them from liability. The judgment was against Sidney Smith, upon his mortgage.

At the commencement of this action, no privity existed between him and the plaintiff. The quitclaim deed from the former to the latter, pending the suit upon the mortgage, could take away none of the rights of the plaintiff previously existing, if it conferred none, and could yield none to Edmund W. Clapp. The officer not having removed the plaintiff from the premises, and the plaintiff not claiming to hold them by the deed of Sidney Smith, exclusively, his rights remained as they were before. It is insisted that the plaintiff, by acts and declarations, contained in letters, held the premises in submission to Harvey Clapp before his death and to Edmund W. Clapp since. No evidence in the case shows a valid surrender of his possession to either. It is true he treats Harvey Clapp as the owner of the land in some respects. This may have been from a misapprehension of his own rights, or with a view to the acquisition of the title to the remainder, after the death of his wife. And if the title had been in Clapp at the time, and the plaintiff was now setting up an adverse possessory title, the possession of the plaintiff might be qualified by these acts and declarations, and be regarded in consequence thereof as in submission to his superior right; but when it is seen, that Clapp had no title during the life of Sukey Smith they cannot confer one.

The plaintiff being in possession at the time of the alleged trespass and for a long time before, and Edmund W. Clapp, as administrator or otherwise having no present interest in the premises as against the plaintiff, or not claiming under any one, having such interest, he could give no rights to the defendants to perform the acts done. They were an injury to the plaintiff's possession and a violation thereof.

*Judgment upon the default, and*
*damages as entered on the docket.*

WELLS, HOWARD and APPLETON, J. J., concurred.