## DESVERGES vs. DESVERGES.

To protect a voluntary division made by the distributees of an estate who are at the time all *sui juris*, after the lapse of twenty or thirty years, an administration will be presumed.

When a fact is abundantly and confessedly proven, by the testimony on both sides, the admission of immaterial evidence to the same point, though illegal, will not entitle the opposite party to a new trial.

When one of the distributees consents to take the portion of property allotted to him, though unequal in value, it is a waiver of any objection for want of a just division.

Trover in McIntosh Superior Court. Tried before His Honor WILLIAM B. FLEMING.

This was an action of trover, brought by Marsime J. Desverges, as administrator, *de bonis non,* of James C. A. Desverges, deceased, against John L. Desverges, to recover certain slaves alleged to be the property of the estate of said deceased.

The defendants pleaded the general issue, and statute of limitations.

The facts of the case, as developed by the testimony on the trial in the Court below, are substantially as follows:

James C. A. Desverges, the intestate of the plaintiff, died in the year 1803, possessed of property, of which that sued for and its descendants, is a part. The deceased left surviving him his wife, Martha, and two sons, to wit: the defendant and one James M. Desverges. Shortly after the deceased's death, his widow intermarried with one John Wallace, who took out letters of administration on the deceased's estate, and kept the property without any distribution until the year 1822, when he died. After Wallace's death, Mrs. Wallace and James M. Desverges took charge of the property of said estate, and kept it together until, in the year 1832, a voluntary division of said property was made by and between Mrs. Wallace, James M. Desverges and John L. Desverges, all the parties at the time being *sui juris*. In 1834, James M. Desverges died. There was some evidence going to show inequality in the division, and some conflict in the evidence, as to whether James M. Desverges agreed to the division. At least, there was evidence that he

---

**DIVISION BY HEIRS OR LEGATEES.** "It is well settled in Georgia that **heirs or legatees, when all of age, may, as among themselves, settle up estate as they choose,** and their adjustment will be good against one another and against mere strangers, at least in equity: 34 Georgia Reports, 152; 31 Ibid. 753; 29 Ibid, 585: 36 Ibid. 184; 23 Ibid. 142; 13 Ibid. 478; 6 Ibid. 443; 3 Kelly 422. This rule we have no purpose or wish to disturb; but we can not recognize the extension of it, so as to bind creditors by mere contract administration, unless they have as-

objected to the manner in which the property was divided, but he nevertheless received his share and enjoyed the benefit of it up to the time of his death.

The property so divided remained in the possession of the parties and their representatives, until November, 1857, when the plaintiff, a son of James M. Desverges, took out letters of administration, *de bonis non,* on the estate of James C. A. Desverges, and brought the present action as such, to recover the property that was allotted in the division to the defendant.

On the trial, counsel for the plaintiff objected to the introduction of all proof showing the division, on the ground: that such a division could not be set up at common law, to bar the recovery by a regular administrator.

The presiding judge overruled the objection, and admitted the evidence on the ground: That after the lapse of twenty-seven years, an administration would be presumed, and that such a defense was good against this suit.

To this ruling counsel for plaintiff excepted.

Part of the testimony showing the division consisted of the sayings of Mrs. Wallace and the defendant, coupled with the fact, that a part of the property went into the possession of Mrs. Wallace, part of it to James M. Desverges, and a part of it to the defendant.

This testimony was objected to by counsel for plaintiff, on the ground, that it was only hearsay, but the Court overruled the objection, and the plaintiff excepted.

When the testimony had closed, the presiding judge charged the jury:

"That if they found that there was a division of the estate by the three heirs, and also found that at the time of such division one of the heirs was not consenting thereto, but subsequently took the part allotted to him, whether an equal portion or not, his taking such portion was a waiver of his objection to the division, and made it good."

The jury returned a verdict for the defendant, and the plaintiff in error seeks a reversal of the judgment on the following grounds, to wit:

1. Because the Court erred in admitting the testimony objected to as aforesaid.

2. Because the Court erred in charging the jury as before stated.

sented to it. They are entitled to call for legal administration, and here they have none." Amis *v.* Cameron, 55 Ga. 451-2.

**"Where there are no debts, the beneficiaries of an estate may distribute it among themselves, with or without administration,** and, in equity at least, such conventional distribution will be maintained: 3 Kelly 422; 13 Georgia Reports 478; 14 Ibid. 367; 23 Ibid, 142; 20 Ibid. 585; 34 Ibid. 152; 36 Ibid. 184; 38 Ibid. 264; 55 Ibid. 359, 449. It seems, how-

Norwood, for the plaintiff in error.

Harden & Guerrard, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

We respectfully submit that the counsel for the plaintiff, neither in the bill of exceptions, nor in his argument before this Court, represents Judge Fleming correctly in this case. He has ·fallen into the error unintentionally, of course. For instance, the first complaint is, that His Honor erred in allowing the evidence of Canaan Young to go to the jury for the purpose of showing that any division had been made by the heirs of the estate of James Charles Anthony Desverges, without administration; and he cited the case of *Turk, in 3d Kelly,* as direct authority to this point. He omits, however, to state the reason assigned by the Court for overruling the objection to this testimony. It was not because a distribution of the estate by the heirs, who were *sui juris,* was a bar at common law to an action brought by an administrator. The Court nowhere decides this; and hence, there is no conflict between this case and the rule laid down in Turk's case. But the Court overruled the plaintiff's objection, holding: "That after the lapse of twenty-seven years, an administration would be presumed, and that such a defense was a good defense in this suit." And we think it undoubtedly is, without invoking the aid of the decision in *27th Geo.,* which, for myself, I believe to be good law.

As to the complaint in permitting the division of the property to be proven by hearsay, we would ask: Is there any question that a division was made? Do not the plaintiff's witnesses establish the fact?—I mean a division *de facto*—whether *de jure* or not, is another thing. Mrs. Margaret Heald, the mother of the plaintiff, testifies that Mrs. Wallace divided the land and negroes, leaving out Hetty, and appropriating her to herself, and that James M. Desverges used his utmost influence to prevent it; who told his mother, Mrs. Wallace, when she took the girl into her possession, that she belonged to the estate of his father. Still, the fact is not denied, that a division of the land and negroes was made. As to the hearsay testimony then, if it be such,

---

ever, that in an ordinary action at law, the administrator can not be resisted by the fact of such distribution unless from lapse of time a due administration can be presumed: 6 Georgia Reports 443; 7 Ibid. 559; 31 Ibid. 753." Gouldsmith *v.* Coleman, 57 Ga. 426.

Desverges vs. Desverges.

we deem it wholly immaterial in this case. It is in proof by the plaintiff, that James M., the father of the plaintiff, went so far as to consult counsel how he should proceed in the business. Why talk, then, about the manner of proving that the property was actually divided into three parts? Whether into equal and just proportions, does not appear; nor is it necessary that it should, so far as the points in this case are involved.'

Another error assigned is: That the Court charged the jury, that if they found that division had been made, although at the time one of the heirs was not consenting to a division, but subsequently took the part that was allotted to him, whether an equal portion or not, his taking of such portion would be a waiver of his objection to the division, and would make it good.

We hold this, too, to be sound law; and that the letter written by James to his brother John, the defendant, and dated April 1st, 1834, furnishes the strongest possible evidence, not only that a division had been made, but that he acquiesced in it. The preservation of this letter seems almost to be Providential. It is proof in writing, under the hand of the father of the plaintiff, and would be difficult to overcome. It shows more, namely: That the division had not disturbed at all the family relations. Affectionate reference is made to the very mother who is charged to have acted unjustly in the matter of the division. And this is the last that we hear from this son and brother, until he disappears entirely from the toilsome strife of sublunary care. His remains have rested in peace for nearly thirty years. Let them not be disturbed until the trump of the archangel shall sound!

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.