THOMAS J. SPRIGGS, plaintiff in error, vs. E. M. BROMBLETT, defendant in error.

Where one, on account of the decisions of the courts being of a character adverse to his claim, settled a matter in litigation between him and his adversary—the latter yielding a portion of his rights under the rule of law as then held—the former cannot avoid the settlement on the ground that subsequent decisions overruled the former, and that by his mistake of law he had lost his rights, there being no misplaced confidence and no artifice or fraud shown on the part of the other party.

Equity. Compromise and settlement. Mistake. Before Judge McCUTCHEN. Whitfield Superior Court. October Term, 1874.

Spriggs filed his bill against Bromblett, making, in brief, this case.:

On the first Tuesday in December, 1868, he purchased a certain lot of land, situated in the town of Dalton, at sheriff's sale, it having been levied on under an execution against one Fischer. He paid the amount of his bid and took a sheriff's deed to the same. Subsequent to this, he was assured by the defendant and his counsel that the judgment on which the execution issued, by virtue of which this sale was made, under the decisions of the supreme court, was dormant. The defendant, who had purchased from Fischer, after the date of the judgment, but before the sale, brought ejectment against him for the property. Pending this suit, relying upon the assurances of the defendant and his counsel as to the dormancy of the aforesaid judgment, he surrendered the possession of the lot and executed to the defendant a quit-claim deed. He has since discovered that said assurances, upon the faith of which he acted, were untrue, and having conveyed away the title to his property for no consideration whatever, under a mistake of law induced as above set forth, he prays that the deed may be set aside.

The answer of the defendant admitted all of the allegations of the bill except those as to the complainant having

acted upon his assurance and those of his counsel, as to the judgment referred to in the bill being dormant.

The evidence showed that both parties believed the judgment to be dormant at the time the settlement was made; that the defendant yielded his claim for *mesne* profits in the ejectment suit.  There was no testimony that the complainant acted upon the assurances of the defendant or his counsel as to the law, in surrendering the land and executing the deed. He went to the defendant to surrender the land on his own motion, but at the request of the latter's counsel also executed the deed.

The jury found for the complainant.  The defendant moved for a new trial because the verdict was contrary to the law and the evidence.  The motion was sustained, and the complainant excepted.

W. K. MOORE, by SHUMATE & WILLIAMSON, for plaintiff in error.

JOHNSON & McCAMY, for defendant.

TRIPPE, Judge.

At the time of the compromise or settlement between the parties, the defendant in the bill, who was plaintiff in the action of ejectment, would have recovered the land under the rule of law as then held by a majority of the judges of the supreme court.  Whilst matters were in that situation complainant, on his own motion, proposed to surrender the land, and upon an interview between the parties sought by himself, it was agreed that he should convey back the land by a quit claim deed to Bromblett, and that the latter should remit all claim for *mesne* profits.  This agreement was executed between them.  By a subsequent decision of this court, a majority only concurring, the former decision was overruled. Complainant now claims that under the latter ruling, which would have enabled him to have held the land, his deed should be canceled, and the possession restored to him.  Let it be noted that under the rule as held at the time of the set-

tlement or compromise, Bromblett yielded a portion of his rights, to-wit: his claim for *mesne* profits.     There was no evidence of misplaced confidence in Bromblett or his attorney, by Spriggs; nor was any artifice or fraud shown on the part of the former.     It was a settlement of a matter in litigation, arising under a greatly disputed question of law.     A question which, by a majority of this court, had been determined adversely to complainant's claim.     But the point was still open for review at the demand of any party, and a great contrariety of opinion existed upon it.     It was reviewed, and by a majority only, as has been stated, a decision contrary to the former was rendered.     Under this state of facts, when parties undertook to settle their rights with a view to the first decision, both yielding a portion of those rights, and executing their agreement, and no fraud or artifice was practiced, we do not think a case is made for relief.     See the reasoning for the decision in *Morris et al., vs. Munroe,* 30 *Georgia,* 630; Code, section 2636.     There was no abuse of the discretion of the court in granting the new trial.

Judgment affirmed.