SAMUEL HATCHER *et al.*, plaintiffs in error, *vs.* JULIUS A. CADE, defendant in error.

1. The legatees under a will may divide an estate among themselves, though the will direct that commissioners appointed by the ordinary shall divide it. If all the legatees be of age, the division so made binds all; if some be minors and they ratify on coming of age, then all are bound, and the title of each to the severalty so divided and set apart is perfect.

2. A creditor of one of such legatees must go upon the portion or share allotted to his debtor; he cannot subject to his debt any portion of the shares of either of the others.

Distribution. Administrators and executors. Wills. Debtor and creditor. Before Judge JAMES JOHNSON. Marion Superior Court. April Term, 1875.

Reported in the opinion.

E. H. WORRILL; B. B. HINTON & SON, for plaintiffs in error.

PEABODY & BRANNON; MILLER & BUTT; BLANDFORD & GARRARD, for defendant.

JACKSON, Judge.

Samuel Hatcher died, leaving a widow and children, and made a will providing for the disposition of his property. The substance of the will was that the property should be

kept together for maintenance and education until his widow or one of the children should marry, or a child become of age, and then that child, or the widow, if she married, should have her share, and to that end that commissioners should be appointed by the ordinary to divide the estate among them. The widow and children, without waiting for the commissioners to do so, divided the estate among themselves. All were of age except two, and these two acquiesced on coming of age. Two of the children were of age, and one had married when the division was made. Cade, the defendant in error, obtained a judgment, long after this division, against the widow, and levied it upon the lands set apart by the division to Samuel Hatcher and Patonia Hatcher, who claimed it under a deed made to them in pursuance of the division, and before the judgment. The court held and charged the jury that one undivided sixth of these lands was subject to the execution, there being the widow and five children left legatees under the will.

1, 2. We think the court erred. The division by the legatees bound each of them who was of age, and when the minors, the claimants here, assented and ratified on coming of age, they, too, were bound, and each legatee took a several interest as it was allotted to each legatee. Cade was not a creditor of the estate, but of Mrs. Hatcher, and could go only on her separate share after the division. Notwithstanding that the law, or the will, which is the law here, provides a certain way in which an estate may be divided, if the parties in interest, all being of age, divide, it is legal; and if some be not of age, but when of age assent, it also legalizes the division. This principle has been settled by this court by frequent rulings: *Turk vs. Turk,* 3 *Kelly,* 422; *Josey vs. Audulph,* 13 *Georgia,* 484; *Finch vs. Finch,* 14 *Ibid.,* 367.

We hold, therefore, that the court erred in ruling that one-sixth of the property levied on was subject to the *fi. fa.* in favor of Cade against Mrs. Hatcher, and reverse the judgment on that ground.

Judgment reversed.