HATCHER *et al. vs.* CADE, trustee.

The evidence not being sufficient to subject to the debt of the plaintiff in execution one-third of the lands, a new trial must be granted.

New trial. Claims. Before Judge CRAWFORD. Marion Superior Court. April Term, 1878.

Hatcher died, leaving a widow and five children. His will provided a certain mode of division of his estate among the widow and children by commissioners. The legatees, however, divided it among themselves. All were of age

except two, who ratified the division on coming of age.
Cade, trustee, had a third interest in a lot of land levied on
under a *fi. fa.* against the widow.  Two of the children
claimed it under the division.  (See this case in 55 *Ga.*, 359,
when it was here before.)  The jury found the property
subject.  Claimants moved for a new trial, which was re-
fused, and they excepted.

SMITH & LITTLE, for plaintiffs in error, cited 55 *Ga.*, 359;
Code. §§2584, 2585; 48 *Ga.*, 596; 51 *Ib.* 433.

PEABODY & BRANNON; BLANDFORD & GARRARD, for de-
fendant, cited 54 *Ga.*, 602.

JACKSON, Judge.

When this case was here before, we held that the one-
sixth interest of these lands could not be made subject to
this debt, and the court below having ruled to the contrary,
we granted a new trial.  Now one-third thereof has been
found subject, and a motion was made for a new trial on
the ground that the verdict is without evidence and against
law; and the question pressed before us and argued here
now is, mainly, was there evidence to sustain the verdict?

Whilst we rarely interfere in a case where the presiding
judge and the jury agree in relation to the evidence, we
feel constrained to do so here.  We have examined the
record closely, and whilst there may be evidence pointing
to great irregularity in the division of the estate, and to the
appearance of fraud, and fraudulent concealment, perhaps,
by Mrs. Hatcher, we can find nothing which shows title in
her to one-third of these lands.  There is no clear testimony
that she ever lived on it, or controlled it, except as execu-
trix; and there is evidence going to show that it was di-
vided and set apart to the claimants, but none that she took
any interest in these lands with them, so as to subject the
third part as hers.

In view of the ruling of this court in 55 *Ga.*, 359, when
the case was here before, and the fact that we held then

that if there was a division, though not following the will, it would bind all these parties of age, and the two claimants when they came of age, if they ratified, and that the plaintiff in execution must go upon Mrs. Hatcher's part of the estate in severalty, set apart to her, and of the further fact that there is no evidence to show that she took any interest in these lands with the two claimants, we feel reluctantly constrained to hold that this verdict is not sustained by the evidence, and therefore we must grant a new trial. If Mrs. Hatcher's share is in money and cannot be got at for levy, it is the misfortune of the plaintiff. Possibly there may be some remedy by equitable pleadings to uncover her interest wherever it is, but at law, and by these proceedings, unless the future trial should develop more testimony, we do not think that one third of this land can be subjected to this debt in this way.

Judgment reversed.