## No. 9381.

MRS. CORA C. SEWALL ET AL. VS. MRS. PENELOPE L. HEBERT ET AL.

37  155
114  212

37  155
120  45

Minors who have attained their majority, or been fully emancipated, and who intervene in an act of mortgage by one who encumbers property once belonging to the succession in which they were heirs, and who therein waive a rank to which they might be entitled for the payment of their share in the partition of the same property, are estopped from afterwards contesting, either the validity of the partition proceedings, or the title of the first adjudicatee, or of subsequent purchasers, particularly of the vendees who have acquired *since* the date of the mortgage act containing their ratification.

The prescription of five years bars an action to rescind a partition. The prescription runs from the majority of minors becoming of age, or from their full emancipation, which relieves them from disabilities which attach to minors.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*Alex. Hébert* for Plaintiffs and Appellants.

*David N. Barrow* for Defendant and Appellee.

*Sam'l Matthews* for H. Baldwin.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs sue to annul a partition made during their minority, of a plantation known as the *Home Place*, in Iberville parish. They also claim the nullity of the subsequent transfers of the property. They bring in all necessary parties.

They base their action on the ground that the proceedings were illegal and fraudulent, and that they have sustained injury.

The main defense, which avails all the defendants, is, that the plaintiffs, since their majority and emancipation, have, by public act, ratified the partition and the subsequent transfers of the property and are thus estopped from contesting the title which the present owner has since acquired to it. The plaintiffs are also met with the plea of the prescription of five years, in bar to the action in rescision.

The record shows that the plantation was adjudicated at the partition sale on May 6, 1871, for $50,000 to Gov. Hebert, plaintiffs' father; that he afterwards sold it on terms to F. J. Montijo, who, on failure to pay, was expropriated judicially—Mrs. Penelope Hébert becoming the adjudicatee; that in an act of mortgage by her, in favor of Chism & Boyd, on February 10, 1877, which recites the *provenance* of the plantation, the plaintiffs intervened and waived in their favor the preference and priority which they had as security for the payment of the amount due them from the partition and mentioned in the certificate of mortgage annexed to the act, and recited therein, and which was of $2,808.10.

The plantation was afterwards, that is, on April 28, 1882, sold by Mrs. Hébert to Henry Baldwin, the present owner. This purchaser had a right to believe in the state of facts as disclosed by the act of mortgage, and to act upon the representations made therein by the plaintiffs. The defense of estoppel is therefore well founded. R. C. C. 2272.

The plea of prescription set up, is also an effectual bar to plaintiffs' recovery. More than five years had elapsed at the institution of this suit, since the majority of one of the plaintiffs and the full emancipation of the other.

Mrs. Sewall was born on the 16th of December, 1851, and became of age December 16, 1872. Mrs. Proctor was fully emancipated on January 10, 1876, by the judgment of a competent court.

In 36 Ann. 250, this court held, in an action by Mrs. Proctor against her tutor, that the prescription of *four* years pleaded against it began to run, not from her majority, but from the date of her emancipation.

The present suit was brought on August 25, 1882. The action in rescision of the partition was then barred by the prescription of five on the 17th of December, 1877, as to Mrs. Sewall, on the 11th of January, 1881, as to Mrs. Proctor. R. C. C. 3542.

Judgment affirmed with costs.