### BRANSON v. WATKINS.

1. Where after a trial in the superior court the losing party sued out a writ of error within the time prescribed by law, although the prevailing party died before the bill of exceptions was certified, service may still be made upon his attorney of record, and the representative of the deceased party will be made a party defendant in error in this court.

2. Where a person before reaching majority receives from the nominated executor of a paper purporting to be a will land thereby de-

vised to her for life, remains in possession of the land for a considerable period after becoming of age, accepting and acquiescing in the validity of certain probate proceedings whereby the paper had been adjudged to be the true last will and testament of the alleged testator, and also recognizing the paper itself as such will, and claiming thereunder a life-estate only, a subsequent judgment creditor of such person is conclusively estopped from denying the validity of the paper as a will, or questioning the jurisdiction of the court admitting it to probate, or the regularity of the probate proceedings, and also from asserting that the debtor has any greater interest in the land than a life-estate. The decision of this court in the case of *Cureton* v. *Taylor*, 89 *Ga.* 490, applied to the facts appearing in the record of that case, is not in conflict with the decision now made.

April 1, 1895. Brought forward from the last term.

Levy and claim. Before Judge MILNER. Bartow superior court. January term, 1894.

J. B. CONYERS, KONTZ & CONYERS and L. E. BLECKLEY, for plaintiff in error. JOHN W. AKIN, *contra.*

SIMMONS, Chief Justice.

1. An execution held by Watkins against Mrs. Stone was levied upon certain land as her property, and her son, Branson, interposed a claim. The claim case was tried in January, 1894, and the property was found subject. Branson filed a bill of exceptions to certain rulings of the judge, but before it was certified and served Watkins died. After his death the bill of exceptions was certified and service was effected upon the counsel who represented Watkins at the trial. Subsequently Mrs. Watkins was appointed administratrix, and employed the same counsel. When the case was called here, this counsel moved to dismiss the bill of exceptions upon the ground that the service upon him, having been made after the death of his client, was void. In reply to the position taken by counsel in this motion, it is sufficient to refer to section 4256 of the code, which declares that "if either party dies between the hearing and tendering of the bill of exceptions, the judge shall

nevertheless sign and certify the same, and parties shall
be made in the Supreme Court as in other cases. The
notices required in such cases to be given and received,
may be given and received by the attorneys of the re-
spective parties, though such parties be dead."

2. In 1855 a paper purporting to be the last will and
testament of Benjamin Reynolds, of Cass county, Geor-
gia, was probated in solemn form in the court of ordi-
nary of that county, and afterwards by appeal in the
superior court. This instrument provided that certain
land should be equally divided between his daughters
Mary and Elizabeth (now Mrs. Stone), to be conveyed to
them by the testator's executors for and during their nat-
ural lives each, and if they or either of them should die
leaving no lawful living issue, then said lands were to go
to the rest of the testator's children or their legal repre-
sentatives. At that time Mrs. Stone was a minor. Be-
fore reaching her majority she married Branson, the
father of the plaintiff in error in this case. A division
of the land was made, and her portion, including the
land in dispute, was turned over to her by the executors
upon her marriage with Branson, and she and her hus-
band went into possession, and remained in possession
for many years, Branson not claiming ownership thereof,
and Mrs. Branson never claiming anything but a life-
estate. The paper purporting to be the will of her
father, and the judgment admitting the same to probate,
were recognized by each of the devisees as valid, and,
so far as appears, all of them acted thereunder. After
the death of Branson his widow married Stone. A
judgment was subsequently obtained against her by
Watkins, and an execution founded thereon was levied
upon the land taken by her under the paper purporting
to be the will of her father. The plaintiff in error, who
is her only child, thereupon filed a claim to the land;
and upon the trial of the claim case, introduced in evi-

dence the paper purporting to be the will of Benjamin Reynolds, the affidavits of the executors, made in the court of ordinary when the paper was admitted to probate, that it was the last will and testament of Benjamin Reynolds, the appeal from the court of ordinary to the superior court, and the verdict and judgment in the latter court setting up the will as the will of Benjamin Reynolds. It appears, however, that the copy of the will introduced on this trial was attested by two witnesses only. Upon objection by the plaintiff in execution, the court excluded the will, and also excluded the evidence of one of the executors as to the division of the property and the turning over to Mrs. Branson of her share of the property, etc., holding that the paper, having been attested by two witnesses only, was void, notwithstanding it had been admitted to probate, and that all the acts done by the executors and devisees thereunder were ineffectual. This testimony having been ruled out, the court directed a verdict finding the property subject, which verdict was rendered; and the claimant thereupon excepted, assigning error upon each of the rulings above stated.

We think the court erred in these rulings. In our opinion it did not matter at the time of this trial whether the will was void or not. The conduct of Mrs. Stone amounted to an election to take under the will; and after remaining for more than thirty years in possession of the land received from the executors, accepting and acquiescing in the validity of the probate proceedings whereby the paper had been adjudged to be the true last will and testament of the alleged testator, and claiming thereunder a life-estate only, she would have been estopped from denying the validity of the paper as a will, or questioning the jurisdiction of the court admitting it to probate, or the regularity of the probate proceedings; and if Mrs. Stone herself was estopped, so were her cred-

itors. See on this subject, 1 Pom. Eq. §§483, 484, and notes; 2 Jarman, Wills (Rand. & Tol.), 1 *et seq.*; Herman, Estop. §892; Broad *v.* Broad, L. R., 9 Q. B. 48; Dewar *v.* Maitland, L. R., 2 Eq. Cas. 834; Sutton's Appeal, 112 Pa. St. 598; Smith *v.* Gould, 34 Me. 443; Morrison *v.* Bowman, 29 Cal. 237; Smith *v.* Smith, 14 Gray, 532; Code, §2465; *Hatcher* v. *Cade*, 55 *Ga.* 359; Parker *v.* Crittenden, 37 Conn. 148. In the case of Broad *v.* Broad, *supra*, the testator devised certain premises to trustees for his daughter Rebecca for life, with remainder to his grandson William. Upon the death of the testator, Rebecca entered into possession of the premises, and paid for some years certain annuities charged by the will upon the premises, and was suffered by the heir at law to remain in possession undisturbed for more than twenty years. William, the remainderman, conveyed his remainder to the plaintiff. Rebecca, after she had been in possession more than twenty years, conveyed the premises in fee to the defendant, who, upon her death, took possession. The plaintiff, the assignee of William, the remainderman, having brought ejectment, the court held, that Rebecca having entered under the will, the defendant claiming through her was estopped, as against all those in remainder, from disputing the validity of the will, and the plaintiff was entitled to recover. Blackburn, J., in discussing the case, said: "If the law were otherwise, the consequences would be disastrous; for how unjust it would be if a person who comes in under a will as tenant for life, and continues in possession until twenty years have elapsed, could say there was a latent defect in the title of his predecessor, and the estate devised really belonged to the heir at law, and his title being barred, he, the tenant for life, is entitled to the property in fee simple. It is contrary to the law of estoppel, that he who has obtained possession under and in furtherance of the title of a devisor should say that such title

is defective." The same doctrine was announced in Dewar *v.* Maitland, *supra,* in which case the will, like the one before us, was attested by only two witnesses. The case of *Cureton* v. *Taylor,* 89 *Ga.* 490, relied on by counsel for defendant in error, is very different in its facts from this case. Although the will in that case was held to be void and the children entitled to recover notwithstanding the probate, it did not appear that there was any election to take under the will, or that the children received anything thereunder. They did not claim under the will, but as heirs of their deceased father. The will being void in that case, the private sale by the mother and executrix, under the power given in the will, was also void; and there was nothing to show that the children ever acquiesced in or ratified the sale. Three of them were idiots, and as to them there could be no acquiescence or ratification; and there was evidence to the effect that the fourth one was an imbecile. As to the rights of the claimant in this case it is not now necessary to decide, except to say, as was said in the case of *Stone* v. *Franklin,* 89 *Ga.* 195, where the same will was construed, that inasmuch as a sale by the sheriff and a conveyance thereunder would pass only such an estate as the defendant in execution has, the son's interest in the fee (if he has an interest) would not be affected thereby. Mrs. Stone, under this decision, has only a life-estate in the property, and the plaintiff in *fi. fa.* can sell no greater interest than she has.

*Judgment reversed.*

Authorities cited by counsel (in addition to those before referred to), which may be consulted in connection with the foregoing opinion: 57 *Ga.* 155; 92 *Ga.* 297, 304; 61 Iowa, 644; 80 Ill. 208; 76 Ind. 452; Herman, Estoppel, §48; 93 *Ga.* 682; Code, §10; 70 *Ga.* 806; L. R., 2 Eq. Cas. 834; 34 Me. 443; 5 *Ga.* 341; 82 *Ga.* 646; 3 *Ga.* 422; 14 *Ga.* 367; 23 *Ga.* 142; 29 *Ga.* 555; 31

*Ga.* 753; 38 *Ga.* 264; 55 *Ga.* 449; 7 Am. & Eng. Enc. Law, 808; 1 Dev. & B. Eq. R. 182; 34 *Ga.* 152; 55 *Ga.* 359, Code, §2882; 24 *Ga.* 402; 44 *Ga.* 258; 36 *Ga.* 184; 30 *Ga.* 630; 54 *Ga.* 348; 2 White & Tud. Leading Cas. in Eq. pt. 2, top p. 1703, notes to Stapleton *v.* Stapleton; 82 *Ga.* 646; 92 *Ga.* 123; Code, §§2192, 2194; Notes to Ker *v.* Wauchope, 3 Eng. Ruling Cases, 310; L. R., 19 Q. B. Div. 347; 74 *Ga.* 528; Code, §§2424, 2425; 25 *Ga.* 479; 46 *Ga.* 231; 70 *Ga.* 343; 74 *Ga.* 179; 37 La. Ann. 155; 2. Jarm. Wills (ed. R. & T.), 6; 93 *Ga.* 419 (h. n. 4); 4 *Ga.* 445; 54 N. H. 398, 20 A. M. R. 138; 1 Williams, Executors, 211; 4 Dess. Eq. R. 274.