Metcalfe, J.
The plaintiff in error was plaintiff below and brought this action to contest the validity of the will of T. H.„ Patterson.
*496 In the common pleas court John H. Humphrey, as guardian of Catherine Humphrey, a minor defendant in the case, filed a motion to dismiss and abate the action. The court of common pleas sustained the motion and entered an order abating the action, -which is the error now complained of.
It is first objected that the matters set out in the so-called motion properly constitute a plea in abatement and should have been pleaded by answer. We think this objection would have been good, if made in time, but the record shows that the parties went to hearing upon the motion without objection; hence any objection to the form of the pleading was waived.
Briefly stated, the facts as they appear upon this record are that the plaintiff, Bessie Fuhr Patterson, was the wife of Delos Patterson, the executrix of his willr and his sole heir and devisee; that Delos Patterson was the son and sole heir at law of Theodore Patterson, whose will it is sought to contest; that he was also named as one of the executors of the will, which contained a substantial provision for his benefit; that the only interest which the plaintiff had in the will of Theodore Patterson she derived through her husband, Delos Patterson; that Delos Patterson, after the death of Theodore Patterson, appeared in the probate court of Mahoning county and presented his father’s will and made the usual application for its admission to probate; that with A. L. Atkinson he was appointed executor and duly qualified as such, and thereupon took upon himself the duties of an executor, collected the assets of the estate, and paid debts and legacies in the due. course of administration *497 to the amount of several thousand dollars; that he mafie an application to the probate court for the payment to him, in money, of a legacy, and received full payment thereof; that he afterwards made an application to the probate court for a certificate under the statute, which would entitle him to a transfer of certain real estate devised to him; an'd that he received the certificate and caused the real estate to be so transferred.
The judgment of the trial court.found the above matters to be true. We have no evidence before us upon which to review the finding.
The right of the plaintiff to maintain this action depends entirely upon the right of her husband, Delos Patterson. She succeeded to his right in the estate and is a party in interest, under Section 12079, General Code, and would have the same right to make the contest that he had; but her right is no greater than his. If he lost the right to make a contest, then her right is also gone.
After having performed all the acts he performed, as shown by the record, could Delos Patterson have maintained an action to contest the validity of his father’s will? That is to say, could he take all of the provisions made for him' in the will and then have the right to say that the instrument under which he received them was invalid? Can he say, “I will take all I can get, and, after I get .all I can under the will, I will exercise my statutory right to contest it?”
To state this proposition is sufficient to refute it. The law is very clearly stated in the case of Utermehle v. Norment, 197 U. S., 40:
*498 .“The rule of law is that a party taking a benefit of a provision in his favor under a will is estopped from attacking the validity of the instrument.”
On page 57 the court says:
“As to what is the law relating to a party taking the benefit of a provision in his favor under a will, there is really no foundation to dispute the proposition that he thereby is precluded from at the same time attacking the validity of the very instrument under which he received the benefit.”
And in commenting- further upon the question the court cites the following authorities: Hyde v. Baldwin, 17 Pick., 303, 308; Drake v. Wild, 70 Vt., 52; Bronsan v. Watkins, 96 Ga., 54; Smith v. Smith, 14 Gray, 532; Fry v. Morrison, 159 Ill., 244, and many other cases.
The only case cited to us from Ohio is Leedy v. Cockley, 14 C. C., N. S., 72, where it is held:
“A daughter who went into possession of land devised to her by the will of her father, and leased the land and collected the rents under the lease from the date of the probate of the will, is estopped thereby from contesting the validity of the will.”
■Counsel have cited us a large number of cases in which it wa-s held that acts o‘f acceptance of certain provisions in wills by parties interested did not preclude them from afterwards contesting the will, but these cases nearly or quite all went off on particular facts Which the courts held in those cases did not estop the parties from making the contest. They do not conflict with the rule adopted in the case at bar.

Judgment affirmed.

Pollock and Farr, JJ., concur.