### 27980. HEMPHILL *v.* HEMPHILL.

Decided March 7, 1940. Rehearing denied March 23, 1940.

*Jesse M. Sellers,* for plaintiff.   *W. B. Robinson,* for defendant.

STEPHENS, P. J.   (After stating the foregoing facts.)

Where there are no debts, a consent division of the whole estate by the heirs is a good administration thereof and concludes the parties. *Harris* v. *Seals,* 29 *Ga.* 585; *Alderman* v. *Chester,* 34 *Ga.* 152; *Byrd* v. *Byrd,* 44 *Ga.* 258; *Williams* v. *Williams Co.,* 122 *Ga.* 178 (50 S. E. 52; 106 Am. St. R. 100). This division may be made by arbitrators selected by the heirs. *Turk* v. *Turk,* 3 *Ga.* 422 (46 Am. D. 434). It appears from the petition as amended, that the estate had no creditors, that all the heirs were sui juris, that the heirs entered into an agreement by which all the property of the estate, real and personal, was to be divided between them by named arbitrators, and that all the property, with the exception of the personalty which is the subject-matter of this litigation, was divided according to such agreement, but that the defendant, who has possession of the personal property which is the subject-matter of this litigation, as custodian, refused to permit such division, and refused, on demand, to make any "settlement" with the plaintiff as to his share of this personal property, but had "settled" with all the other heirs by a division in kind or by payment. As respects the property which is the subject of this litigation, upon the execution of this agreement between the heirs to divide this property, although the actual division had not taken place, the heirs became tenants in common. The estate therefore had been fully administered, and all the heirs were concluded thereby. The heirs were tenants in common of this personalty, every heir having the right, not only under the law, as a tenant in common, but under the agreement, to a partition of the property. "Where there is an agreement between tenants in common to divide severable property, in pursuance of which the portion of one cotenant is allotted to him, he may, upon demand and refusal to deliver the same, maintain an action for the conversion thereof against his former cotenant, having the property in his possession, although such portion was never in fact separated from the residue." See 62 C. J. 531.

It appears from the allegations of the petition as amended, that the defendant had "settled" with the heirs except the plaintiff, and

divided the property between them as per the 'agreement. The defendant in so doing necessarily acted on the assumption that the right, title, and interest in the property were in the heirs at law. This was a ratification by her of the validity of the agreement, and a recognition by her of the right, title, and interest of the heirs as tenants in common of the property, the plaintiff being one of the heirs. It appears therefore, under the facts as alleged in the petition as amended, and the law applicable thereto, that the plaintiff was entitled to his proportionate share of the property, and that the defendant, on refusal to account to him therefor on demand, became liable to him, as in the nature of a conversion, for the value of his share of the property. *Moore* v. *Gleaton,* 23 *Ga.* 142. The petition as amended set out a cause of action, and the court erred in sustaining the demurrers thereto.

*Judgment reversed. Sutton and Felton, JJ., concur.*