36481. VANCE et al. v. VANCE et al.

Undercofler, Chief Justice.

Three grandchildren of Charles Vance seek to establish their rights to their father's vested remainder in Vance's estate as well as

their rights in an educational trust fund also set up in their grandfather's will. The trial court held that the grandchildren were estopped to claim under the will because of a 1957 consent judgment among Vance's heirs. They appeal. We reverse.

1. Charles Vance died in 1956 and was survived by his widow and five children. It is well recognized that one's legatees may agree on how to divide the deceased's property. E.g. *Hatcher v. Cade,* 55 Ga. 359 (1875). The 1957 consent judgment is such an agreement. Therefore, the trial court correctly ruled that the grandchildren here are bound by the terms of the 1957 consent judgment in which their father participated.[1] Its interpretation, however, is a question of law to be determined by the court.

2. Under the terms of the 1957 consent judgment, the widow received a life estate and a child's share along with their five children in the remainder of the estate. A life insurance policy was set aside to pay the debts of the estate and then to establish the corpus of a college education trust fund for all of Vance's grandchildren. The judgment also provided that the widow and five children constituted a board with the power to appoint or not a deceased child's remainder in the estate to the surviving spouse and grandchildren.

George Thornton Vance, a son of the testator and the father of the three grandchildren here seeking to share in their grandfather's estate, died after the consent judgment in 1957, but before the death of his mother, who died testate in 1975. The four remaining children, the board, contend that they exercised their power of appointment in retaining for themselves their deceased mother's and brother's shares in the estate, and, therefore, that these grandchildren have no claim under either their father or grandmother to any part of the remainder of Charles Vance's estate.

(a) It is clear from reading the 1957 consent judgment[2] that no power of appointment exists as to the widow's child's share. As part of her estate, it must be distributed under the terms of her will. The trial court erred in ruling otherwise.

(b) The power of appointment claimed by the board over Vance's estate is derived from paragraph IV of Vance's will, which gave his heirs the authority to settle his estate among them by

---

[1] We express no opinion as to the soundness of the interpretation of the will in the 1957 consent judgment.

[2] ". . . the widow of said testator, is entitled to a child's part in addition to said life estate and irrespective as to whether she marries again and the child's part shall be her individual property.

". . . the *remainder-over* from said life estate is now vested in the children of the

majority vote. Presumably this was done in 1957 and culminated in the 1957 consent judgment. In that judgment, vested remainders were granted to each child. The judgment also provided, however, that "[s]aid vested remainder-over [see note 2, supra] is now vested but upon the death of any individual remaindermen the Board, . . . has power of appointment to surviving spouses and grandchildren and to what extent anyone or all may participate in the division of the *remainder of the estate*, or whether there shall be any participation by surviving spouses or grandchildren . . . [When] the life estate terminates . . . the estate is subject to be divided among the children of the testator per capita and subject to the power of the Board to appoint surviving spouses of deceased children of testator or grandchildren to *participate in said division as hereinbefore provided*, the status of the remaindermen to take under the will being fixed as of the date of the termination of the life estate of the said widow of testator." (Emphasis supplied.) The power of appointment thus applies to whatever is left in Charles J. Vance's estate. Since all five children received vested remainders in all but the life insurance (the college fund) and the widow's child's share, there appears to be nothing left in the estate on which the power of appointment can operate. The board certainly has no power of appointment over any child's estate. Any attempt by the board to exercise such a power over George Thornton's vested remainder was ineffectual, and the trial court erred in holding to the contrary.

3. The 1957 consent judgment also states "that paragraph 5 of the Will provides that all of the obligations of the deceased are to be paid from the proceeds of the life insurance policies owned by said testator and that any balance thereafter remaining shall be administered as a college educational trust fund for all of the grandchildren of the testator as a class including the unborn and after born grandchildren of said testator *subject to the directions of the Board*, . . ." (Emphasis supplied.) The board argues that the emphasized language refers back to the power of appointment and allows them to exclude these children from receiving any college educational funds. The grandchildren urge that they have a vested interest in the trust and that this clause instead refers back to paragraph V of the will establishing the trust fund, which states:

---

testator . . . and embraces all of the property of said Charles J. Vance *except said testator's life insurance and testator's widow [sic] child's part*." (Emphasis supplied.)

". . . the vested life estate in the widow of Charles J. Vance is subject to being divested on her remarriage and that she has a child's part in said estate in any event except for life insurance."

"The location of the college, course, amount of money to be spent worked out by the board and the child involved." We agree with the contentions of the grandchildren, and hold that the trial court erred in finding they had no right to the educational funds.

4. The absence of a transcript is not fatal to this appeal as contended by the board, because no evidence was admitted at the hearing except the wills and judgment and because the issues presented are questions of law.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 18, 1980 — DECIDED
OCTOBER 1, 1980.

*William T. Exum,* for appellants.
*James I. Parker,* for appellees.