Mercer vs. Newsom, adm'r.

LEVI MERCER, plaintiff in fi. fa. and plaintiff in error, vs. DANIEL A. NEWSOM, adm'r, and GEORGE R. HOLLOWAY, claimant, defendant in error.

A purchase by an administrator at his own sale, is good, at least, until it has been repudiated by the heirs.

Claim, from Clay county. Decision by Judge KIDDOO. March Term, 1857.

Under a fi. fa., issued upon a judgment recovered by Levi Mercer, against Daniel A. Newsom, administrator of John Newsom, deceased, the Sheriff levied upon certain lots of land in the 7th district of originally Lee, now Clay county, as the property of the estate of John Newsom, deceased.

George R. Holloway interposed his claim to these lands, and denied that they belonged to the estate of Newsom. Issue was joined, and upon the trial, the plaintiff offered in evidence the fi. fa. with the levy thereon endorsed. He then proved that John Newsom, deceased, was in possession of the lands at the time of his death, and that the defendant

in fi. fa., as his administrator, went into possession afterwards. He further offered to prove that defendant, as administrator, continued in possession until the said lands were purchased by claimant from the administrator, which proof, upon objection by claimant, was rejected by the Court, and plaintiff excepted.

Plaintiff then proposed to prove by one Richard Davis, that he, as the agent of the administrator, sold said lands, at public outcry, at the administrator's sale, and that the administrator purchased the lands, and remained in possession thereof, and sold the same at private sale, to Holloway, the claimant. This testimony was objected to, the objection sustained, and plaintiff excepted.

Plaintiff then offered the claimant himself, as a witness, and proposed to prove by him, that he knew that defendant purchased the land at the sale made by himself, as administrator, and that he, claimant, purchased said land at private sale from defendant, as administrator, and that the purchase money had not been paid. This testimony was objected to, and the objection sustained; the presiding Judge holding, that in claim cases there were but two modes of subjecting land to the satisfaction of a judgment and fi. fa; one of which was by showing *title* in the defendant in fi. fa., at or after the date of the judgment, the other by showing *possession* by defendant at, and after the date of the judgment. To which ruling plaintiff excepted.

Barry, for plaintiff in error.

Perkins, represented by B. Hill, *contra*.

*By the Court.*—Benning, J. delivering the opinion.

The Court below rejected certain evidence of the plaintiff. Was the Court right in doing so?

That evidence, if received, would have proved this: That

Daniel Newsom sold the land as administrator of John New-som, and bought it himself; that, afterwards, he sold it to Holloway, the claimant; that Holloway knew when he pur-chased it, that Daniel Newsom had thus bought it at his own sale; and that Holloway had not paid Daniel Newsom for the land.

No evidence was offered, to show, that the heirs of John Newsom had ever repudiated, or objected to the sale made by Daniel Newsom, as administrator, to himself.

Now, a sale by an administrator to himself, is not void, but only voidable. In Fleming *et al.* vs. Foran *et al.,* 12 *Ga.* 594, this Court allowed legatees to annul such a sale; but the Court said, that legatees would not be allowed to an-nul such a sale, unless, within a reasonable time, they made their election to annul it.

I incline strongly to think, myself, that, by our law, if such a sale is fair, it is good. It is to the interest of the heirs and creditors, that the property of the estate, should, when sold, fetch the highest price; and the more numerous the persons authorized to buy at a sale, are, the better, *must* be the chan-ces for the property sold at that sale, to bring the highest price, if the sale be *fair.* By our law, an administrator's sale is public; it is by auction; it is preceded by a public advertisement of the time and place, when and where it is to be. The chances, therefor, are greatly in favor of the hy-pothesis, that the sale will be fair, even in the case in which the sale results in a purchase of the property by the adminis-trator himself. Besides, I do not know of any thing in our law, or indeed, in any law, that *forbids* an administrator to buy at his own sale, except, on the terms of having his pur-chase set aside, at the mere option of the heirs, or legatees. There is certainly nothing of this kind in the old act of 1764. That act contains these words: "And whereas, a custom hath prevailed among executors and administrators of taking estates or some part at the appraisement, when such appraise-ment hath often been under the real value; for prevention

whereof for the future, *Be it enacted*, That no executor or administrator shall hereafter be permitted to take any estate, or any part thereof, at the appraisement, and that no appraisement to be made as aforesaid, shall be binding or conclusive, either upon the creditors, legatees, or next of kin, or other person interested in such estate, or upon the executors or administrators, but all and every such executor and administrator shall be chargeable and accountable for the true value of such estate, any practice to the contrary notwithstanding." *Cobb Dig.* 302, and see *Id.* 307.

But, in the present case, the heirs have not elected to repudiate the sale; and that such a sale is good, until the heirs elect to repudiate it there is none, I believe, to dispute.

If then the rejected proof in this case, had been admitted, it would not have been sufficient to authorize the jury to find the property subject to the fi. fa. The rejection of the proof, therefore, could not have hurt the plaintiff in fi. fa., and therefore, the rejection of it could not amount to a material error against him.

Consequently, the plaintiff cannot be entitled to a new trial.

Judgment affirmed.