John B. Fuller *et al.*, plaintiffs in error, *vs.* Thomas J. Little, administrator, *et al.*, defendants in error.

1. After the sale and purchase at the sale by an administrator, or another for him, thirteen years is an unreasonable time for the heirs at law to wait before they move practically by suit to set aside the sale—especially where the property sold has passed out of the administrator into the hands of purchasers for value.

2. All the parties complainants being of full age before 1865, and the cause of action having arisen before that year, and the object of the bill in equity being to reach property in the hands of third persons, and not in possession of the administrator, the bill, not being brought until 1871, is barred by the limitation act of 1869.

Equity. Administrators and executors. Statute of limitations. Before Judge Underwood. Haralson Superior Court. March Term, 1877.

Reported in the opinion.

AUSTIN & HARRIS, by Z. D. HARRISON, for plaintiffs in error.

WILLIAM J. HEAD, by JACKSON & LUMPKIN, for defendants.

JACKSON, Judge.

Joshua Dodson died in August, 1857, and Little administered upon his estate. In June, 1871, a bill was filed by the heirs at law of Dodson against Little, the administrator, and Head and Striker, purchasers from him of certain real estate once belonging to deceased, but sold by the administrator in 1858.

This bill was demurred to, the demurrer was sustained, and the bill dismissed. Before it was dismissed, the defendants filed a plea, the complainants replied with a replication, the court sustained the plea, overruling the replication, and the bill was dismissed on both grounds—on the demurrer thereto, and the insufficiency of the replication as a reply in equity to the plea. The complainants excepted to the judgment of dismissal, and the question is, was that judgment right on either ground—on sustaining the demurrer or the plea—taking the facts in the replication thereto to be true?

The bill alleged the death of Dodson in August, 1857; the administration of Little; the sale, in 1858, of the lands Dodson left; the purchase thereof by another for the administrator for seventeen hundred dollars, when the lands were worth twenty-five hundred to three thousand dollars; that complainants then and there objected to the sale and repudiated it; James and Anna Dodson, not being of age at the time, but not attaining their majority until 1865 and after; that, in 1864, the administrator, at private sale, sold the land to Head and Striker for twenty-five hundred dollars, or other sum, who well knew that the sale was repudiated by the complainants; that Little never paid the purchase money of the land, and never accounted for one cent of the proceeds thereof; that no order, as required by law, was obtained from the ordinary to sell the land, nor was it ad-

vertised and sold, as required by law in such cases—all of which was known to Head and Striker; that the administrator and his sureties are all insolvent; that the administrator and Head and Striker are combining and colluding to wrong complainants, and, to do so, have had the land laid off as homesteads.

The prayer is for relief by setting aside the sales of the administrator to himself and from himself to Head and Striker, and bringing the lands back into the estate for distribution. At the August term, 1876, the bill was amended by alleging that Fuller and wife had purchased the share of James Dodson, and therefore he had not been made a party; and, further, by the allegation that Head and Striker have been in possession of the land since 1863, and have received the rents, issues and profits thereof, worth five hundred dollars per annum; and the prayer is amended by asking an account therefor, and that the lands be decreed to be theirs.

Taking this bill to be true, the first question is, was the demurrer properly sustained and the bill dismissed rightfully on the demurrer?

The demurrer was predicated upon four grounds: first, that there is no equity in the bill; secondly, because the bill shows good prescriptive title in Head and Striker; third, because complainants did not elect in a reasonable time to set aside the sale; and, fourth, because complainants are barred by the limitation act of 1869.

We think the demurrer should have been sustained upon two of the grounds therein taken. The complainants have not proceeded in a reasonable time to have the sale set aside. The land was sold in 1858, when all the complainants except James and Anna Dodson, (who attained their majority in 1865, or after, is the loose allegation) were of age. Yet these complainants, to-wit: Fuller and wife, Kilgore and wife, Sims and wife, Williams and wife, Nancy Dodson, Levi Dodson, David Dodson, Allen Dodson, Williams and wife, who are all that complain in the bill as set out, either in the bill of exceptions or the record, appear to have been all of age in

1858, and suffered the administrator to hold the lands, according to the bill, up to 1863, when Head and Striker took possession, and suffered them (Head and Striker) to remain in uninterrupted possession until 1871, before the first step was taken to set aside or repudiate, practically, this sale. It is true they say that they did notify the administrator at the time of the sale, and did then repudiate it, and that the subsequent purchasers, Head and Striker, knew this; but they lay on their oars and did nothing. Such conduct is not reasonable. Such laches, when they knew that Head and Striker had paid twenty-five hundred dollars for the land, equity will not sanction or tolerate. They should have moved sooner than thirteen years to set aside the sale; failing all that time to do so, equity will say that they have not moved in a reasonable time.

In *Fleming et al., vs. Foran et al.*, 12 *Ga.*, 594, it was held that a sale to an executor by himself could be annulled by the legatees, but that they must elect to do so in a reasonable time. In *Mercer vs. Newsom*, 23 *Ga.*, 151, that judgment was referred to and re-affirmed; and in *Flanders et al., vs. Flanders, administrator*, 23 *Ga.*, 249, it is again ruled that those who are entitled to repudiate a sale made by an administrator to himself, must do so in a reasonable time; and, in that case, four years was held to be a reasonable time, the bill being brought to set aside a sale of slaves, and it was said by the judge delivering the opinion, that in that time mover would be barred. So in this case, in seven years ejectment would be barred, and these complainants waited thirteen years. There, too, the suit was against the administrator who held the lands; here it is against purchasers from him, who paid full value. And in this case, too, it is not distinctly alleged that the administrator bought himself, but that another bought for him. So it seems that some one else bought and made a deed to the administrator, and then he sold and made a deed to these purchasers, after holding the land five years himself.

It is true that the bill alleges that no order for sale was

had, *as is required by law;* but the latter words rob the allegation of all force to avoid the sale absolutely. It may have been a little irregularity in the order, and not the want of any order. And this view is strengthened by the same general sort of charge in the same part of the bill—the next sentence—that the land was not advertised and sold *as required by law.*

We think that this bill should have been dismissed because the suit was not brought to set aside the sale in a reasonable time.

2. We think, too, that the suit is barred by the act of 1869. The suit really is against Head and Striker, and not against the administrator. He is insolvent, and not in possession of an acre of the land. He has sold it and got the full value thereof. Conceding that the real defendants knew of the purchase of the administrator at his own sale; conceding that they acted wrongfully, and thereby gave a right of action to these complainants to sue them to annul their deeds and set aside their homesteads to the land they had bought, why should not the suit have been brought before 1870, under the act of 1869? We can see no good reason. It nowhere appears that James Dodson or Anna Dodson were parties to the bill. The record does not show it; nor does it show any order of court making them, or either of them, parties; and they are the only infants under age in 1865, according to the bill.

This view of the law makes it unnecessary to consider the plea, the demurrer to the bill being properly sustained by the court.

Judgment affirmed.