| 107 | 780 |
| 117 | 692 |
| 107 | 780 |
| 119 | 139 |
| 107 | 780 |
| 124 | 176 |

WORD *et al.* v. DAVIS *et al.*

A purchase by an executor of property of the estate he represents, at a sale under an execution issued on a judgment against him as executor, is voidable at the instance of the legatees under the will, provided they institute proceedings to avoid the sale within a reasonable time after the fact of such purchase becomes known to them or could have been discovered by

the exercise of ordinary diligence. Twelve years is an unreasonable length of time to wait before instituting a proceeding to set aside such a sale. When all the facts are known, ignorance of law as to the time when such a proceeding should be instituted is not an excuse for delay.'

Argued May 4,—Decided June 3, 1899.

Equitable petition. Before Judge Harris. Troup superior court. November term, 1898.

*W. A. Post* and *Longley & Longley*, for plaintiffs.
*Pitman & Harwell* and *E. C. Mobley*, contra.

COBB, J. On March 21, 1896, Genie Word and others filed a petition addressed to the superior court of Troup county, alleging, in substance, as follows: They are legatees under the will of Tillman Pullen, deceased; and his widow Martha A. A. Pullen, who has since the death of her husband intermarried with Davis, was duly qualified as the sole executrix of his will. In the will there was a devise to the widow of a lot of land upon which the deceased resided, to be held by her during her natural life, which with other property bequeathed to her was to be in lieu of dower and year's support, and was so accepted. There came into the hands of the executrix from the sale of personal property and from rents a sum sufficient to discharge all the debts of the testator; but notwithstanding this fact she permitted a claim against the estate to be sued to judgment and execution to issue thereon. B. H. Bigham was her legal adviser, and colluded with her to destroy the "reversionary" interest which plaintiffs had in the lot of land above referred to, and instead of paying off the judgment out of the funds then in hand the executrix caused and permitted the execution issued thereon to be levied on the "reversionary" interest, which was sold and bid off by Bigham for the nominal sum of $350.50; and while he pretended to bid it off for himself it was really bought for the executrix. The sheriff's deed was made to Bigham, but he in a few days made a quitclaim deed to her, and she now claims to own the property in fee under this conveyance. She has sold off portions of the same, and has offered to sell other parts. It is alleged that the sale of the "reversionary" interest in the lot of land was a scheme to destroy petitioners' interest in the same, and was fraudulent and void.

Bigham has died, and Mary J. Bigham is his executrix. Petitioners pray that Martha A. A. Davis be enjoined from selling or disposing of any interest in the lot of land above referred to, except her life-estate, and that the deed from the sheriff to Bigham and from Bigham to Mrs. Davis be delivered up and cancelled. Attached to the petition as exhibits were the deeds above referred to. The sheriff's deed was dated February 6, 1883, and the deed from Bigham to Mrs. Davis bears date October 1 of that year. By an amendment to the petition it was alleged, that "the consenting to and permitting of the sale by the sheriff" of the "remainder interest" was done with the wrongful and fraudulent intent of defeating the "remaindermen" and with the fraudulent purpose on the part of Martha A. A. Davis to buy the "remainder interest" and thereby vest the absolute fee in her; that ever since the sale petitioners "have continually and repeatedly, as opportunity offered, complained at and repudiated said sale and the defendant's claim of ownership of said remainder interest, and have notified defendant as well as all other persons seeking to purchase from her lots or parcels off of said tract of land that [petitioners] repudiated said sale"; that they did not bring their suit sooner because they were advised by divers persons, in whom they had confidence, that no right of action would accrue to them until after the life-estate of Martha A. A. Davis should terminate, but as soon as they were informed that they did not have to so wait they brought their suit; that since the pretended purchase by Martha Davis, hereinbefore referred to, she has sold off several building lots and received in payment therefor the sum of twelve hundred dollars, which sum they pray may be set off against the $325 she paid for the "remainder interest" in the land bought by her, and that she be required to account to petitioners for the balance; but if it should be determined that this sum is not a proper matter of set-off, then petitioners offer to tender back the $325 paid out by her on account of the pretended purchase from Bigham. Petitioners have no desire to interfere with Martha Davis in the enjoyment of her life-estate, but they pray that she be not allowed to defeat and destroy their "remainder interest" in the property.

To this petition the defendants demurred, one ground of the demurrer being that it appeared from the allegations in the petition and amendments that more than twelve years had elapsed between the sale alleged to be fraudulent and the filing of the petition of plaintiffs attacking the same, and that no sufficient reason was alleged for this long delay, and petitioners are therefore estopped and debarred by lapse of time from repudiating, annulling, or setting aside the deeds referred to in the petition. The court sustained the demurrer upon this ground, and dismissed the petition; and plaintiffs excepted.

It is the well-settled law of this State, that a purchase by an executor at his own sale, either through himself or another, or a like purchase by an executor, of property of the estate which he represents, at a sale under an execution issued on a judgment against him as executor, is voidable at the instance of the legatees under the will of the testator. Civil Code, §§ 4030, 4031; *Fleming* v. *Foran,* 12 *Ga.* 594; *Bond* v. *Watson,* 22 *Ga.* 637; *Ridgeway* v. *Ridgeway,* 84 *Ga.* 25. It is equally well settled that in order to avoid the sale it is necessary for the legatees to move within a reasonable time. *Fleming* v. *Foran,* supra, *Mercer* v. *Newsom,* 23 *Ga.* 151; *Flanders* v. *Flanders,* 23 *Ga.* 249; *Grubbs* v. *McGlawn,* 39 *Ga.* 672; *Fuller* v. *Little,* 59 *Ga.* 338; *Rudolph* v. *Underwood,* 88 *Ga.* 664. What is a reasonable time within which to institute proceedings depends upon the peculiar facts of each case. In *Flanders* v. *Flanders,* supra, which was an application to set aside a sale of slaves, it was said that in such a case four years would be a reasonable time, and that after the lapse of that time the right of action would be barred. In *Fuller* v. *Little,* supra, which was an application to set aside a sale of land, the complainants waited thirteen years after the sale before filing their proceeding to set it aside; and this was held to be an unreasonable length of time, and for this reason the suit was held to be barred. Judge Jackson in that case intimates that by analogy the period of prescription which would under similar circumstances defeat an action of ejectment could be properly held to be the time in which the proceeding to set aside the sale should be brought, and that therefore a period longer than seven years would be an

unreasonable length of time to delay to institute an action for that purpose. In the case of *Flanders* v. *Flanders*, supra, the court applied by analogy the period of limitation applicable to actions of trover. While this court has never held in terms that seven years is the period of time within which to bring a proceeding to set aside a sale of realty, we have found no decision where the complainants were allowed to recover after seven years had elapsed. In *Fuller* v. *Little*, supra, it was ruled that thirteen years was an unreasonable length of time. In the present case the plaintiffs waited more than twelve years. It appears from the face of the petition that during this entire period they were fully advised of all the facts; it being distinctly alleged that they had repudiated the sale from the beginning, and that they had done everything necessary to a repudiation except the one essential thing which the law requires, that is, bringing suit. The excuse alleged for waiting this time is nothing more nor less than ignorance of the law on their part, and a like ignorance on the part of those to whom they resorted for advice. This can not avail them as an excuse. There was no error in sustaining the demurrer on the ground upon which the judge based his decision.

*Judgment affirmed. All the Justices concurring.*