SAMUEL SIMMONS, plaintiff in error, *vs.* WILLIAM M. MOSE-LEY, administrator, defendant in error.

1. The limitation act of 1869 is a bar to an action commenced March 6th 1874, upon a promissory note dated and due in 1858, the maker of which removed from Georgia to Texas, in 1859, and died there in 1863, although no administration upon his estate was granted in Georgia until May, 1872.

2. The bar of the statute attaches because the creditor did not bring suit within a period of time after the administrator became subject to suit, equal to that prescribed by the act where no impediment to suit existed at the time of its passage. The case is within the letter of the statute; and when released from the letter, by way of implied exception on account of death and want of representation, it is still within the spirit of it, for the above reason: *Taylor vs. Jacoway, 50 Georgia Reports, 382.* Besides, it was in the power of the creditor, the debtor having left real estate in Georgia, to have administered, or forced administration, earlier, and exercised more diligence in that way: *11 Georgia Reports, 651, 653 ; 19 Ibid., 316.*

Statute of limitations. Before Judge UNDERWOOD. Chattooga Superior Court. March Term, 1875.

Report unnecessary.

ALEXANDER & WRIGHT; F. A. KIRBY, for plaintiff in error.

DABNEY & FOUCHE, for defendant.

BLECKLEY, Judge.

The opinion of the court, and all the material facts, appear in the head-notes. The judgment of the court below sus-

tained the plea of the statute of limitations, and that judgment is affirmed.