Pendleton, for use, *vs.* Andrews, administrator.

A note became due November 1st, 1874; the maker died July 21, 1875; an administrator qualified May 3, and died September 1st, 1880; an administrator *de bonis non* qualified May 2, 1881; suit was brought January 24, 1882:

*Held,* that the suit was barred by the statute of limitations. The statute was not suspended on account of the death of the debtor and the non-representation of his estate, except for the twelve months during which his administrator was exempt from suit.

(*a.*) Section 2829 of the Code cannot be invoked by a creditor whose debtor dies, in order to prevent the statute of limitations from running. That section provides for the suspension of the statute for five years when the plaintiff dies, and his estate is unrepresented; but does not suspend the statute in favor of one who holds a claim against such estate.

April 24, 1883.

Statute of Limitations. Administrators and Executors. Debtor and Creditor. Before Judge POTTLE. Hancock Superior Court. October Term, 1882.

Reported in the decision.

J. T. JORDAN, by brief, for plaintiff in error.

R. H. LEWIS, for defendant.

CRAWFORD, Justice.

This suit was brought by the plaintiff in error upon a promissory note, made by the intestate, of the defendant in error. The defence relied upon was the statute of limitations, and the decision excepted to made upon the following agreed statement of facts;

" W. S. Dickson made the note sued on March 21, 1874, due first day of November thereafter. Dickson died twenty-first day of July, 1875. A. B. Buckner qualified as first administrator third of May, 1880, and died 21st September, 1880. J. T. Andrews, defendant, qualified as administrator *de bonis non* second day of May, 1881, and this suit was filed twenty-fourth day of January, 1882."

From this statement, it will be seen that the note sued on fell due November 1, 1874; that Dickson died July 21, 1875; and that at the time of his death the statute had run eight months and twenty-one days. The first administrator qualified May 3d, 1880, so that, at the time of his qualification, five years, five months and three days had elapsed from the maturity of the note. He only lived four months and eighteen days, and the administrator *de bonis non* was not appointed until May 2, 1881. Thus, to allow twelve months to the estate of Dickson before his administrator could have been sued, would extend the time seven months and twelve days longer; that is, to the fourteenth day of December, 1881; and the suit was not brought until January 24, 1882, or one month and ten days after the right of action had accrued against the administrator. It further appears from these different dates, that the whole time from the maturity of the note to the filing of the suit was seven years, two months and twenty-four days. Taking out, then, the twelve months in which the creditor was not allowed to sue, there remained six years, two months and twenty-four days of time that the note was overdue.

Under these facts, the court held that the note was barred, and that judgment is assigned as error.

It is insisted by the plaintiff in error that section 2928 of the Code can be invoked in his behalf to relieve this note of the bar of the statute. The reply to this is, that that section applies to cases only where the plaintiff dies, and where, the cause of action being in him, the suit is not brought within the time therein prescribed, on account of the disabilities therein named; then that in such cases the statute of limitations shall not bar the plaintiff's cause of action. In other words, that the failure of an unrepresented estate to sue, unless such failure exceed a certain limited time, shall not be counted against the estate during the time of such want of representation, whilst the effort here is to have the time counted in favor, not of an estate at all, but of the original living plaintiff, and against the administrator of a deceased promissor of the note sued. That is, the plaintiff seeks to avail himself of facts existing as to the defendant, which, had they existed with him, would have created a disability, and thereby suspended the running of the statute and saved its bar. But unfortunately for him the law invoked is applicable alone to plaintiff creditors, and not to defendant debtors.

This section is but the codification of sections 21 and 40 of the act of March 6th, 1856, and was modified so as to be applicable to plaintiffs or parties having a cause of action, and who always have it in their power to prevent the running of the statute of limitations in favor of their debtors, by administering or forcing an administration upon their estates. It doubtless means just what it says, which is that the statute of limitations, except as therein provided, shall not run against an unrepresented estate having a cause of action. But there is nothing contained in it which prohibits the running of the statute against the common creditors of an estate, just as it does against other persons, except for the twelve months in which suits are prohibited.

This view, we think, is in harmony with the decision in the

case of *Simmons vs. Moseley,* 55 *Ga.*, 35, and the cases there cited from the 11th *Ga.*, 651, 653, and 19th *Ga.*, 316. Judgment affirmed.