HEARD, executor, *et al.* *vs.* PALMER, administrator.

1. P. conveyed certain land to H.; subsequently he filed his bill to set aside the deed, on the ground that it was obtained by fraud; pending the bill, H. agreed with P. that, if the latter would dismiss the bill, he should have the land after his (H's) death, and H. should make him a deed to the same; the bill was dismissed. The deed being lost, it was proved by parol that it gave one-half at the death of H. to P. and the balance to one S. H.; no possession was given to P.:

*Held*, that, while he might be entitled to have specific performance of the contract, the title did not vest in P. until it was performed, either by the proper execution of deeds of conveyance or the delivery of possession; until then, he could not recover the land in an action at law.

2. The paper proved in this case was testamentary in its character, and having neither been properly executed as a will nor probated as such, it conveys no title.

Judgment reversed.

January 15, 1884.

BLANDFORD, Justice.

[Pettus brought complaint for land against Chase, setting out as his abstract of title the title of Stephen Pettus and descent from him to plaintiff, who was his son; also a conveyance from John W. Heard. Plaintiff subsequently amended his declaration by alleging that, while Chase was in possession, B. W. Heard, executor of John W. Heard, and Stephen Heard were the real defendants; he also alleged the conveyance by him to John W. Heard, the filing of the bill by him, the compromise, and the making of the conveyance as stated in the first head-note. The defendants pleaded the general issue and prescription. The jury found for plaintiff. Defendants moved for a new trial, which was refused, if plaintiff would renounce the recovery as to one-half interest in the land. This was done, and the motion overruled. Defendants excepted.]