GIRARDEY *et al.* *vs.* BESSMAN, executrix, *et al.*

| 77 | 483, |
| 93 | 740 |

In 1876, a bill was pending in Richmond superior court against several defendants, one a non-resident, the others residents of the State. The non-resident filed a petition to remove the cause as to him to the circuit court of the United States, and this application was granted, and no exception was taken to this ruling. A motion to remand the case was made in the circuit court, and there it was urged that the removal was made under the act of congress of 1866, and that that act had been repealed by the act of 1875. This motion was refused in 1877, and no exception thereto was taken. In 1883, the case was dismissed from the docket of the circuit court by the presiding judge for want of prosecution. In 1885, a motion was made to reinstate it and remand it to the State court. Later in the same year, an application was made to the superior court of Richmond county to declare the removal null and void, and to require the case to proceed in the State court, on the ground that the act of 1866 had been repealed by the act of 1875, and that there was no jurisdiction in the State court to grant the removal, or in the circuit court to accept or act upon it:

Girardcy *et al. vs.* Bessman, executrix, *et al.*

*Held,* that the judgments of the superior court and of the circuit court of the United States, although they may have bccn erroneous, were not void, and no exception to them having been taken, they are binding on the parties.

(*a.*) If the present motion could have been made at all, it should have been made within three years from the time the judgment was rendered, and is now too late.

November 23, 1886.

Removal of Causes. United States Courts. Judgments. *Res Adjudicata.* Statute of Limitations. Before Judge RONEY. Richmond Superior Court. April Term, 1886.

The facts are stated in the head-note and decision.

HOOK & MONTGOMERY, for plaintiffs in error, cited : 104 U. S. 407; 106 *Id.* 395, 191; 110 *Id.* 59; 100 *Id.* 457; 103 *Id.* 205, 336; 108 *Id.* 130, 158; 112 *Id.* 187, 711; 114 *Id.* 55; 115 *Id.* 41, 56; 117 *Id.* 431, 275, 340; 118 *Id.* 264; 113 *Id.* 249, 742; 116 *Id.* 227; 111 *Id.* 379, 472; 99 *Id.* 80 ; 109 *Id.* 278 ; 3 Woods, 397; 56 *Ga.* 282, 526; 70 *Id.* 359; 73 *Id.* 44; 8 Or. 9 ; Code, §§3594, 246, 3828; Cooley Const. Lim. 398; Freeman Judg. §120 *et scq.;* 50 *Ga.* 271, 289; 34 *Id.* 256; 9 *Id.* 130, 247, 441; 18 *Id.* 176; 32 *Id.* 652; 11 *Id.* 453; 46 *Id.* 398, 529 ; 55 *Id.* 601; 21 *Id.* 13; 53 *Id.* 285; 68 *Id.* 455; 59 *Id.* 532, 603; 71 *Id.* 11; 67 *Id.* 584; 3 McCord, 280; 1 Whart. Ev. 795, 801–9; Herm. Estop. 45; Wells *Res Adj.* §477; 20 U. S. Dig. 242; 14 Johns. 432.

J. B. CUMMING; M. P. CARROLL, for defendants, cited: 3 Woods, 397; 8 *Ga.* 145; 9 *Id.* 247; 20 *Id.* 581; 24 *Id.* 335; 68 *Id.* 790; 70 *Id.* 746; 73 *Id.* 733 ; 103 U. S. 205; 116 *Id.* 18; 106 *Id.* 122 ; 19 Wall. 214; 22 *Id.* 238; Dill. Rem. Caus. (ed. 1881), §§2, 82, 87, p. 11.

HALL, Justice.

The question made by this record is, whether the superior court of Richmond county had jurisdiction of a motion to annul, set aside and declare void an order passed by it

in 1876, removing a case from that court to the circuit court of the United States, to which order no exception was taken and no writ of error was prosecuted to the Supreme Court of the State, and when, after being removed in accordance therewith to the circuit court, a motion was made to remand the cause, which was refused, and when it had been finally disposed of by a judgment of the circuit court, dismissing the same, and the complainants two years after it was dismissed had made a motion to reinstate, and after reinstating, to remand it to the State court, because (as it is alleged and is now conceded) the statute of the United States under which the removal took place, the act of congress of 1866, was repealed by the act of March 3d, 1875; the question of such repeal having been made and adjudicated adversely to the complainants by the circuit court, on their motion to remand, and from which judgment they neither took an appeal nor sued out and prosecuted a writ of error to the Supreme Court of the United States.

The position assumed and insisted upon by the experienced and learned counsel for plaintiffs in error is this, that the circuit court of the United States is a court of limited jurisdiction; that it can take no cognizance of causes other than those which it is authorized by the constitution and laws of the United States to hear and determine; and that where it assumed to act under a statute of the United States, which had been repealed when it decided the case, it had no jurisdiction of the subject-matter and the parties, and the decision rendered was *coram non judice* and void, and being void, might be assailed and disregarded whenever and wherever it interfered with the rights of a party litigant in any court.

No one will question that the United States courts are courts of limited jurisdiction, and if they act outside of their jurisdiction, such action is void; if, therefore, the premises of counsel for plaintiffs in error be correct, their conclusion would be inevitable; we do not agree, however,

to the correctness of the premises here relied on, but think the questions presented were such as, in the first instance, were cognizable by the superior court of Richmond county, and in the last instance, by the circuit court of the United States, and that each of these courts had jurisdiction of the subject-matter in contention, viz: the removal of causes from the former to the latter, and also of the parties to the cause. Issues were made, or ought to have been made, in each of the courts necessarily involving this very point, and they were determined by each adversely to the claims of the plaintiffs in error, who seem to have acquiesced at the time in the result, for they took no steps, within the time limited by law, to have the action of either court reviewed by the proper tribunals of the State or United States. When the questions were made, they had to be decided, and so far as concerns their adjudication in the United States court in this very case, we are not left to conjecture as to the matters involved in that controversy, as the case is fully reported in 3 Woods R. 397, when Judge Bradley, of the Supreme Court of the United States, presiding on the circuit, passed upon each and every one of them in an elaborate and, as it seems to us, an able opinion, and concluded it by giving judgment against the motion to remand. When made in the court, such questions must be determined by the judges thereof who were vested with the power, and it is their duty to decide them; if the decision subsequently turns out to be erroneous, although no measures may be taken to correct the errors, yet it is not on that account to be treated as a void judgment, such as has been rendered by a court having no jurisdiction. While it exists, it is as binding as though it had been absolutely free from error, and this is true whether it relates only to the judgment of the State court, or a judgment of a United States court, or of the court of another State. *Smith vs. Hornsby,* 70 *Ga.* 552; *Lord vs. Cannon,* 75 *Id.* 300; *Thomas vs. Morrisett,* 76 *Id.* 384, in addition to authorities cited on brief of counsel.

This, then, being an erroneous, though not a void, judg-ment for the want of authority in the superior court of Rich-mond to render it, and being final, so far as concerned the action of that court, this motion to vacate it could not be entertained by it, 1st, because the matter had passed from its control, and had never been restored by any competent authority, or any other proceeding known to the law, either State or federal; and 2d, because it came too late. If, under the circumstances, this motion could have been made at all, it should have been made within three years from the time it was rendered. Code, §2914(a).

Judgment affirmed.