CURETON v. TAYLOR et al.

1. A will attested by only two witnesses is void, and can derive no aid from probate and being admitted to record. The judgment of probate is not merely erroneous, but an absolute nullity on its face. No motion to set it aside is requisite, nor is it ever too late to urge its invalidity.

2. The evidence in this case furnished no proper basis for charging the jury as to any application of the proceeds of sale for the benefit of the plaintiffs who recovered their interest in the land which their mother, the executrix of the so-called will, had disposed of.

3. When several plaintiffs sue jointly and severally for land and some of them recover and some do not, the court may order costs taxed against the plaintiffs who fail, to the extent of their due proportion, according to the actual facts of the case, of the whole cost incurred. But the defendant has no right to have judgment against them, irrespective of what proportion of the cost they caused to be incurred, for a mere numerical proportion based on the number of shares in the land not recovered, as compared with the number recovered. Thus, where the suit failed as to seventeen twenty-fifths and succeeded as to eight twenty-fifths, the defendant was not entitled to recover of the plaintiffs who failed seventeen twenty-fifths of the whole cost of the suit, as matter of law, without regard to whether the costs accrued chiefly from that part of the litigation which succeeded, or from that which did not succeed. One plaintiff may have occasioned more cost than another.　　　　　　　　　　*Judgment affirmed.*

August 1, 1892.

Will. Judgment. Sale. Cost. Practice. Before Judge MILNER. Dade superior court. September term, 1891.

Ejectment against the plaintiff in error was brought on the demises of Neppie Doyle (formerly Taylor), Cansaida Jeffries (formerly Taylor), and Margaret, Elizabeth and Lucy Taylor (these three alleged to be of unsound mind, and suing by their next friend), on January 13, 1890. The pleas were, not guilty; possession under color of title for forty years ; and that about 1851 the mother of the plaintiffs, acting under authority granted to her in his last will by her late husband, W. H. Taylor, under whom the plaintiffs claim, sold the property to Wilkinson, whose title is now held by defendant, who bought in good faith and paid full value to said mother, and this money was used by her in the support of the plaintiffs ; and whether or not this title was good in law in its inception, it was good in equity by reason of the facts

stated, and the plaintiffs cannot now in equity and good faith claim the same.

The jury found for plaintiffs Margaret and Elizabeth each four twenty-fifths of the premises in dispute, and for the defendant seventeen twenty-fifths. The evidence showed that W. H. Taylor owned and died in possession of the premises sued for (his mill place), and that the plaintiffs and their mother, Drusilla Taylor, were the only heirs of W. H. Taylor, "and according to the rules of inheritance plaintiffs were, at the death of the said William H. Taylor, the owners of four fifths of the property, and their mother of one fifth thereof." The defendant introduced a bond for title from Drusilla Taylor, executrix of W. H. Taylor, executed in July, 1852, reciting that the purchaser, Wilkinson, had paid and was to pay the executrix for the premises in dispute, $2,000, and binding the executrix as such to make deed of conveyance to him upon the payment of the balance of the purchase money. Two witnesses testified that Drusilla Taylor, deceased, told them in her lifetime that Wilkinson had paid her the balance of the purchase money. It further appeared that the defendant holds under a successive chain of title from Wilkinson, and he proved continuous possession of the premises, beginning with Wilkinson and running down to himself, he having entered into possession under a deed in 1879. Three witnesses testified that the price paid by Wilkinson for the land was the full value at the time he purchased it from Drusilla Taylor, that W. H. Taylor died in 1851, and that Drusilla lived with the plaintiffs up to her death in 1867. It was admitted that plaintiffs Elizabeth and Margaret were and had always been idiots. As to plaintiff Lucy, the evidence on this subject was directly conflicting. The defendant introduced the following record from the court of ordinary:

"Original will of W. H. Taylor, made in 1851, admitted to probate, destroyed in burning of the courthouse, and copy established June 6, 1853, as follows: . . I do give and bequeath all my property to my dear wife, Drusilla, after my just debts are paid, during her widowhood. If she marries she is only to have a child's part. I do make my wife Drusilla, and my son Ralston, my executors on my estate. July 25, 1851.　　　　　　　　　　　　W. H. Taylor.

Tested by Samuel McBee and A. J. Humphreys.

" Copy of codicil: My executor and excutrix have the liberty of selling my mill place, if they think it best. My wife Drusilla is to see that all my children have an equal portion of my property; but in the event she should die before the youngest one comes of age, then my son Ralston is to attend to this part of my will and see all my children treated alike. Aug. 15, 1851.

Wm. H. Taylor.

Tested by John G. Jacoway, Margaret Middleton.

"Order of the court: Last will of W. H. Taylor late of Dade county, deceased, being established on the oaths of A. J. Humphreys, Drusilla Taylor, Margaret Middleton, John G. Jacoway and Samuel McBee, in the lieu of the original will which was proved and recorded in this court and burned in the court-house, it is therefore ordered that this copy will be established in lieu of the original will and be admitted to record. June 6, 1853.

Z. O'Neal, Ordinary.

" Recorded Jan. 11th, 1860. Z. O'Neal, Ord'y.

H. C. Tatum, Dep'y Clerk."

The defendant requested the court to charge the jury that while the paper purporting to be the last will of W. H. Taylor was not properly attested, and although it was erroneously admitted to record, yet the exclusive jurisdiction to determine this question was vested in the court of ordinary, and that while said judgment was erroneous on its face, it is now too late to attack said judgment, and that it binds everybody, idiots included, unless those attacking were minors and had been so up to within four years before the attack was made. This the court refused, and charged in lieu thereof that said

judgment was an absolute nullity and of no binding force as to the plaintiffs whom the jury should find to be idiots. The defendant also requested the court to charge the jury that they could look to the evidence, and if they found that the sale of Wilkinson conveyed no title for any reason, yet if they found that the land sold for its full value, and the money was paid to the mother of these children who was their natural guardian, and that she used it in taking care of them, and that they thus enjoyed the full value of the land, they could not recover in this case. Upon these refusals to charge, and upon the instruction as given, error is assigned. Another exception is to the overruling of the defendant's motion to allow him to sign judgment against plaintiffs Neppie Doyle, Cansaida Jeffries and Lucy Taylor for seventeen twenty-fifths of the costs, and to the ruling allowing the plaintiffs to sign judgment against the defendant for the full amount of the costs.

R. J. & J. McCAMY, for plaintiff in error, cited Code, §§331, 2425, 2914(a); 32 *Ga.* 256; 56 *Ga.* 538; 70 *Ga.* 306; 75 *Ga.* 680; 77 *Ga.* 483; 81 *Ga.* 238; 82 *Ga.* 675; 86 *Ga.* 540; Freem. J. §135; Freem. Void Jud. S. §53; Ang. Lim. (3d ed.) §§194, 197, 205, 476, 485, and cit.; Tyler, Ej. 928, 933; 2 Wheat. 25; 1 How. 37; 3 Johns. Ch. 129.

McCUTCHEN & SHUMATE, *contra*, cited Cobb's Dig. 1128; Acts 1851-2, p. 104; 18 *Ga.* 471; 20 *Ga.* 338; Freem. J. (3d ed.), §319(a).