## BANKS BROTHERS *et al. v.* LESTER.

Where a writing purporting to be the last will and testament of a testator is probated and admitted to record notwithstanding its defective execution as a will, and an heir of the decedent accepts from the executor possession of land therein devised to him, treating the same as his own, such devisee, after the lapse of a great length of time, and without offering to restore the property to the estate, will be estopped from denying the validity of the paper as a will, or questioning the jurisdiction of the court admitting it to probate.

OCTOBER 12, 1911.

Complaint for land. Before Judge James B. Park. Baldwin superior court. January 25, 1911.

*Hines & Vinson,* for plaintiffs in error.

*Allen & Potlle,* contra.

EVANS, P. J. This is an action of complaint for land by W. T. Lester against O. O. Banks Brothers and L. A. Collette. The plaintiff claimed a one-fifth undivided interest in the premises sued for. He attached to his declaration the following abstract of title: "(1) Death of W. W. Lester, grandfather of petitioner, in possession of said premises in 1872. (2) Setting apart of the tract of land described in the within petition as a homestead of Sarah A. Lester, widow of W. W. Lester, and her three minor children, to wit: William T. Lester, John Dennis Lester, and Emma Lester. (3) Death of William T. Lester, leaving as his sole heir at law W. T. Lester, the petitioner. (4) Death of John Dennis Lester and Emma Lester, leaving no heirs at law. (5) At the date of the death of Sarah A. Lester and the maturity of Wm. T. Lester, John Dennis Lester, and Emma Lester, being the date at which the homestead estate was determined, there remained surviving, of all the children of W. W. Lester and Sarah A. Lester, Wm. T. Lester, John Dennis Lester, Emma Lester, L. L. Lester, Kit Lester, Virginia Lester, Mrs. Tobe Thompson, and Mrs. Tom Butts." The defendants filed a plea admitting their possession, but denying that the plaintiff had any title to the land. They offered to amend by alleging: that in 1869 the common grantor, William Lester, executed a writing purporting to be a will, which writing devised to Sarah A. Lester, his wife, for life, with remainder over to Virginia, Emma, and John D. Lester, the land described in the petition; that the will was attested by two witnesses, and was probated in common form and admitted to record as the last will

and testament of William W. Lester, and letters testamentary were issued to the nominated executors; that the widow and all of the heirs at law of William W. Lester treated the writing herein described as the true, legal, and valid will of William W. Lester, and all their acts and conduct affecting the property therein devised have been performed with reference to, and in conformity with, the writing; that W. T. Lester (father of the plaintiff) accepted the devise to him of certain lands located in Early (now Miller) county, and entered into possession of the same. Wherefore, defendants say that this conduct on the part of W. T. Lester operates to estop him from disputing the validity of the will, and, further, that the writing proved as a will is good color of title. This amendment was disallowed by the court. The case proceeded to trial, and resulted in a verdict for the plaintiff for a one-seventh undivided interest in the premises and certain mesne profits. A motion for new trial was denied, and the defendants excepted.

The paper admitted to record as the will of W. W. Lester was attested by only two witnesses. A will attested by only two witnesses is void, and can derive no aid from probate and being admitted to record. *Cureton* v. *Taylor*, 89 *Ga.* 490 (15 S. E. 643). The defense set up in the amendment is, not that the defendants obtained title under the will, but that their grantors and the plaintiff's father were devisees under this instrument which was probated as the last will and testament of W. W. Lester, and that the plaintiff's father could not enter into possession and appropriate to his own use the land devised to him and repudiate the devise made to the defendants' grantors. In the language of the old Scotch law, one cannot both approbate and reprobate. The plaintiff's father received the Miller county land as a devise under the will of his father; and he will not be permitted to assert that the will was legally executed to the extent of conveying his title, but not so as to the other devisees. The invalidity of the will because of defective attestation does not forbid the application of the doctrine of estoppel. It is the conduct of a party taking a benefit which he could not otherwise have but for the invalid will, which estops him from setting up the invalidity of the will to defeat the other devisees. If a will defectively executed has been probated by agreement of the heirs, who are sui juris, and the property distributed by virtue of the will, an heir will not be heard in

disaffirmance of the title to the property therein devised. *Gay* v. *Sanders,* 101 *Ga.* 601 (28 S. E. 1019). In *Branson* v. *Watkins,* 96 *Ga.* 54 (23 S. E. 204), a will attested by two witnesses was probated and admitted to record. One of the devisees accepted a devise of land thereunder; and the court said: "The conduct of [this devisee] amounted to an election to take under the will; and after remaining for more than 30 years in possession of the land received from the executors, accepting and acquiescing in the validity of the probate proceedings whereby the paper had been adjudged to be the true last will and testament of the alleged testator, and claiming thereunder a life-estate only, she would have been estopped from denying the validity of the paper as a will or questioning the jurisdiction of the court admitting it to probate or the regularity of the probate proceedings." We think the principle ruled in the case last cited controls the legal proposition presented in the amendment. As neither the original plea nor the amendment averred any adverse possession in the defendants or their predecessors in title for the prescriptive period, we forbear ruling on the purely academic question of whether a defectively attested will, when probated and admitted to record, may suffice for color of title.

All of the assignments of error in the amended motion are expressly abandoned, except the last, which is so insufficiently stated that no precise legal question is presented.

For the reason that the court deprived the defendants of a substantial defense by disallowing their amendment, a new trial is granted.

*Judgment reversed. Beck, J., absent. The other Justices concur.*