DUMAS *v.* THOMAS.

JENKINS, Justice. 1. "Rulings on pleadings afford no ground for a new trial." *Zachry* v. *Industrial Loan & Investment Co.*, 182 *Ga.* 738 (5) (186 S. E. 832), and cit. Therefore this court can not consider the special ground of the plaintiff's motion for new trial in this ejectment suit, that the court erred in not allowing to be amended nunc pro tunc a former judgment rendered fifteen years ago in her favor in another case to which the defendant was not a party.

2. Although the record, in describing the documentary evidence introduced by the defendant, including certified copies of proceedings in former suits, expressly refers only to "certified copy of *suit* by [the plaintiff], including the verdict of the jury," without in terms mentioning the judgment, yet since it identifies the proceedings as "papers attached to" the defendant's pleadings, and the judgment formed an integral part of that single exhibit and "suit," and since it is manifest from the order directing a verdict for the defendant that such judgment was in evidence and so properly considered by the court, the contention that the direction of the verdict was error because the judgment was not in evidence is without merit.

3. The plaintiff in an ejectment suit must recover on the strength of his own title; and if outstanding title superior to his own is shown in the trial, he can not recover, even though it may not be shown that the defendant has title. *Roberts* v. *Tift,* 136 *Ga.* 901 (4), 902 (72 S. E. 234); *Waters* v. *Durrence,* 119 *Ga.* 934 (4), 935 (47 S. E. 216); *Brumbalo* v. *Baxter,* 33 *Ga.* 81; *Jenkins* v. *Southern Ry. Co.,* 109 *Ga.* 35, 41 (34 S. E. 355), and cit. The undisputed evidence showed that by previous judgment of the court, in a suit to which the plaintiff was a party, the court decreed that the legal title to the land in question was in a third person, and that the equitable title was in a corporation; that neither of those successful parties executed any deed to the property to any one; and that the only instrument executed was a bond for title by the corporation to the plaintiff's former husband, who made a warranty deed to the present defendant. ' Outstanding title being thus shown, superior to the plaintiff's claim under a former alimony decree, to which only she and her former husband were parties, she was not entitled to prevail in her ejectment suit; and the court properly directed the verdict for the defendant.

4. There was no error in admitting in evidence a mortgage and note from the plaintiff's former husband to the individual in whose favor the court previously decreed the legal title; such note, mortgage, execution, and sale thereunder being the basis of the court's former decree, and such decree being in no wise attacked upon any ground on which it could be set aside. *Judgment affirmed. All the Justices concur.*

No. 12732. MAY 9, 1939.

*Sydney H. Baynes,* for plaintiff.
*Warren & Warren,* for defendant.