SUTTON *et al. v.* WARD *et al.*

No. 14404.   JANUARY 14, 1943.

*I. W. Rountree* and *J. R. Powell Jr.*, for plaintiffs in error.
*Price & Spivey,* contra.

ATKINSON, Justice.   1.   While ground 4 of the motion for new

trial sets out certain testimony of a named witness on the trial of the case, and ground 5 states that at the time the testimony was given the witness was honest, but finds upon reflection that he was mistaken, no complaint is made of any ruling in either ground; and consequently no question is presented for decision.

2. In ground 6 it is contended that the testimony of the ordinary "was the deciding factor in the jury's reaching a verdict," and it is insisted that this reversal of his testimony should have great weight in determining the defendants' right to a new trial. An affidavit by the ordinary, to the effect that his testimony was not correct, was attached as an exhibit. The fact that a material witness for the plaintiffs, who at the trial gave direct evidence tending strongly to prove that the defendants entered into the contract, has since the trial made statements under oath that his former testimony was not correct, is not cause for a new trial. *Fowler* v. *State*, 187 *Ga.* 406 (7) (1 S. E. 2d, 18), and cit.

3. Grounds 7 and 10 of the motion refer to affidavits stating that named defendants were not present when the will was probated. No reason is shown in these grounds why a new trial should be granted.

4. In an affidavit attached to the motion as an exhibit one of the defendants deposed as follows: "That about thirteen years ago, one of his brothers-in-law had a legal difficulty with one of the jurors in said case; that said fact was unknown to counsel for the defendants, and had been forgotten by deponent. That after the trial . . deponent was informed that after the jury retired to consider its verdict . . the juror . . informed the jury about it, going into details, and leaving the impression to the other jurors that all of these defendants were dishonest and unworthy of belief on oath; that after said prejudicial argument by said juror, the real merits of this case were not discussed at length, even though the jurors were tied up for some time before arriving at a verdict." There were no affidavits by the other defendants or their counsel to the effect that they did not know of the conduct of the jurors until after the verdict. This ground shows no reason for the grant of a new trial. Code, § 70-205; *Brooks* v. *Camak*, 130 *Ga.* 213 (3) (60 S. E. 456), and cit.

Ground 8 of the motion further states: "That the court erred in overruling the demurrer filed by the defendants in said case. That

the court erred in overruling the plea of res adjudicata filed by the defendants in said case." The record does not show that exceptions pendente lite were filed, and the bill of exceptions contains no assignment of error upon either of the above rulings. "Rulings on pleadings afford no ground for a new trial." *Zachry* v. *Industrial Loan & Investment Co.*, 182 *Ga.* 738 (5) (186 S. E. 832), and cit.; *Dumas* v. *Thomas*, 188 *Ga.* 90 (2 S. E. 2d, 915).

5. Ground 9 of the motion is merely elaborative of the general grounds that the verdict is contrary to the law and the evidence. The agreement upon the part of two of the children to relinquish their right to appeal from the judgment ordering the will to probate was sufficient consideration for the contract whereby the other children promised to divide the property into ten shares instead of eight. 17 C. J. S. 463, § 109, note 98. See *Smith* v. *Smith*, 36 *Ga.* 184; *Heard* v. *Palmer*, 72 *Ga.* 178; *Lunsford* v. *Kersey*, 191 *Ga.* 738 (13 S. E. 2d, 803).

6. The evidence, though conflicting, was sufficient to support the verdict in favor of the plaintiffs, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*