Allen *et al.* v. Wade *et al.*

Bell, Justice. 1. The law will not permit a guardian to act in such way that his own personal interest may come in conflict with the interest of his ward with respect to the estate of the latter in his charge. Code, §§ 38-117, 49-205; *Clark* v. *Clark,* 167 *Ga.* 1 (1a) (144 S. E. 787); *Wright* v. *Thompson,* 190 *Ga.* 173 (2) (8 S. E. 2d, 640); *Parnelle* v. *Cavanaugh,* 191 *Ga.* 464, 465 (2) (12 S. E. 2d, 877); *Gammage* v. *Perry,* 29 *Ga. App.* 427 (2) (116 S. E. 126). Accordingly, if, after appointment of one as guardian of another's property, he buys a tax claim against his ward's estate, as by obtaining a deed to himself from a county conveying land which the county had previously purchased as the property of the ward at a tax sale, he will be treated in equity as holding under such deed as trustee for his ward. Code, § 108-107; *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639). Compare *Veal* v. *Veal,* 192 *Ga.* 503, 505 (15 S. E. 2d, 725).

2. Nor can such a guardian, either directly or indirectly, buy property of his ward at a sale thereof by some other person or authority, as in this case a creditor of the ward selling at public auction under a power of sale. If he does by such means acquire the legal title to property of

# 754

his ward, he will in like manner be deemed a trustee as to such property at the election of the ward or his heirs at law. *Houston* v. *Bryan*, 78 *Ga.* 181 (3) (1 S. E. 252, 6 Am. St. R. 252); *Wallace* v. *Jones*, 93 *Ga.* 419 (5) (21 S. E. 89); *Fleming* v. *Foran*, 12 *Ga.* 594; *Word* v. *Davis*, 107 *Ga.* 780 (33 S. E. 691); 21 Am. Jur. 735, § 630. Whether or not there would be an exception to this rule if the guardian had an interest along with the ward in the property that was to be sold, is a question that is not involved in the instant case; but see *Parnelle* v. *Cavanaugh*, 191 *Ga.* 464 (supra).

(a) Where such a sale under power is made by a creditor, and a person other than the guardian submits the highest bid, but before a deed is made to such highest bidder, he and the guardian enter an agreement whereby the guardian will take over his bid, and in pursuance of such agreement, the legal title to the land is acquired by the guardian, the sale would be voidable at the instance of the ward or his heirs at law, although there was no agreement as to such purchase by the guardian prior to the sale. *Ridgeway* v. *Ridgeway*, 84 *Ga.* 25 (10 S. E. 495); *Livingston* v. *Peacock*, 155 *Ga.* 261 (1) (116 S. E. 618).

3. Where at such a sale by a creditor, the guardian announced before the bidding began that he held a tax deed to a substantial part of the land, stating the amount, and after the sale the creditor, on receiving from the guardian as an individual the amount of the highest bid, made a deed to the bidder, who in turn executed a quitclaim deed conveying the land to such guardian in his individual capacity; and where, after death of the (insane) ward, a suit was brought by his heirs at law against the guardian and others, alleging substantially the foregoing facts, and seeking to have the sale declared void on the grounds, (1) that the guardian had chilled the bidding by the announcement as stated above, and (2) had later by indirection become the purchaser of the property, and praying also for a decree of title in such heirs at law, subject to the amount of the secured debt—*held*, that, unless a different ruling should be required because of failure of the plaintiffs to show a tender, they would on proof of the facts alleged be entitled to a verdict finding in their favor upon each of the grounds stated, and further, that, on the trial here under review, the evidence introduced was sufficient to carry the case to the jury. As to chilling the sale, see Code, § 37-607; *Carr* v. *Graham*, 128 *Ga.* 622 (57 S. E. 875); *Bracewell* v. *Coleman*, 191 *Ga.* 35 (11 S. E. 2d, 198); *Holbrook* v. *Dickson*, 195 *Ga.* 821 (3) (25 S. E. 2d, 671); *Sims* v. *Etheridge*, 169 *Ga.* 400 (4) (150 S. E. 647).

4. The plaintiffs having alleged that the guardian had been in possession of the property for several years, collecting rents and profits, and had sold valuable timber from the land, in amounts stated, and a general demurrer, filed by the defendant guardian and others, having been overruled, and no exceptions to such ruling having been brought to this court by any of the demurrants there is no merit in the contention that the plaintiffs were not entitled to a verdict because it did not appear that they had tendered any sum of money to the guardian or other person entitled thereto before the suit was brought, since the judgment overruling such demurrer must be taken as the law of the case to the effect that under the allegations and prayers no such tender was neces-

sary. *Crider* v. *Harris,* 183 *Ga.* 695 (189 S. E. 519); *Darling Stores Corp.* v. *Beatus,* 199 *Ga.* 215 (33 S. E. 2d, 701).

(a) Nevertheless, if it should appear on another trial that the plaintiffs are indebted to the guardian or other defendant over and above any counter liability with respect to the subject-matter of the litigation, the amount of the excess should be determined by the verdict, in the event of a finding for the plaintiffs on the other issues, and the defendants should be protected by the decree accordingly. Code, § 37-104.

5. The security deed under which the property was sold having provided that "A transfer of the indebtedness secured by this deed shall vest the aforesaid power of sale in the transferee," there is no merit in the contention of the defendants that the transferee creditor by whom the property was sold did not have authority under such deed to exercise the power of sale. *Universal Chain &c. Inc.* v. *Oldknow,* 176 *Ga.* 492 (1) (168 S. E. 239); *McMullen* v. *Carlton,* 192 *Ga.* 282 (14 S. E. 2d, 719).

6. Nor did the court err in overruling the plaintiffs' objection to the deeds referred to in paragraph 3 above (other than the deed from the county), which were offered in evidence by the defendants; but under all of the evidence that was introduced, it was error to direct a verdict in favor of the defendants, and for this reason the plaintiffs' motion for a new trial should have been granted. The case differs on its facts form *Blount* v. *Metropolitan Life Insurance Co.,* 192 *Ga.* 325 (15 S. E. 2d, 413); *Grice* v. *Grice,* 197 *Ga.* 686 (1) (30 S. E. 2d, 183).

*Judgment reversed. All the Justices concur, except Wyatt, J., absent on account of illness.*

No. 16176. JUNE 11, 1948.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Harry M. Wilson, Herbert W. Wilson,* and *Leon A. Wilson II,* for plaintiffs.

*T. J. Townsend* and *Memory & Memory,* for defendants.