**21667. WEST et al. v. DOWNER, Executor, et al.**

Argued June 11, 1962—Decided September 6, 1962.

*S. B. Lippitt*, for plaintiffs in error.

*H. B. Williams*, contra.

QUILLIAN, Justice. 1. The exceptions to the sustaining of the general demurrer are predicated upon the rights of the plaintiffs under the will of Mrs. J. T. Downer, Sr., or arising out of the contract entered into with the defendants.

2. The demurrer should have been overruled if the averments of the petition showed the plaintiffs' right to any relief prayed, aliter, if the petition did not set forth a cause for such relief then the demurrer was properly sustained.

3. First, we shall consider the two prayers in reference to the will. The initial one is a prayer to set aside the probate of the will because it was obtained by fraud. The plaintiffs contend that the defendants perpetrated fraud and deceit upon them and upon the court of ordinary in which the will was probated; that the will was invalid because of the mental incapacity of the testatrix; that all the parties knew this; that the plaintiffs were lulled into not contesting the will because of their reliance on the good faith of the defendants in complying with the provisions of the contract.

As is clearly provided by our Code, the judgment of a court of competent jurisdiction may be set aside by equitable decree for fraud, accident or mistake or acts of the adverse party unmixed with negligence or fault of the petitioner. *Code* § 37-219. Therefore, a superior court in the exercise of its equitable jurisdiction may set aside a judgment of a court of ordinary, procured by

fraud, upon proper allegations and proof. *Lester v. Reynolds,* 144 Ga. 143, 144 (2) (86 SE 321).

However, courts of equity grant relief only in favor of the diligent, and this court has uniformly held that equity does not relieve from a judgment which could have been prevented except for negligence on the part of the complaining party. *Redwine v. McAfee,* 101 Ga. 701, 704 (29 SE 428), citing *Rogers v. Kingsbury,* 22 Ga. 60. "A court of equity is loath to open a judgment in order to enable a complaining party to make a defense which could have been made at law, and will not open such a judgment where the defendant has been negligent. *Smith v. Phinizy,* 71 Ga. 641." *Redwine v. McAfee,* 101 Ga. 701, 704, supra. Here, in asserting the alleged invalidity of the will, the plaintiffs rely on a ground which should have been raised in the court of ordinary, to wit: the alleged mental infirmity and testamentary incapacity of the deceased.

Moreover, the parties, with full knowledge of the facts involved, mutually agreed by written contract to probate in solemn form the instrument in question. Even where the instrument is an absolute nullity by reason of improper attestation or other invalidating cause, if it is probated and admitted to record as a will on the written consent of the heirs, although such consent and probate would not clothe the putative will with the requisites of validity, all the heirs who were sui juris and parties to the contract are estopped to deny the will's validity or the probate thereof. *Gay v. Sanders,* 101 Ga. 601, 608 (28 SE 1019); *Hightower v. Williams,* 104 Ga. 608 (30 SE 862); *Banks Bros. v. Lester,* 137 Ga. 34 (72 SE 240). Hence, the plaintiffs could not raise the issue of testatrix's incapacity which would have properly been before the court of ordinary, and were estopped to deny the judgment which they assented to by written contract. For the above stated reasons the petition failed to allege a cause for setting aside the probate in solemn form.

4. The second prayer involving the will is that, because the executor and T. R. Downer had not collected and applied soil bank checks to pay off the mortgage indebtedness on the lands, the defendants and T. R. Downer render a complete accounting of soil bank checks received and disbursed. This prayer is

based upon the averment that the will required T. R. Downer to collect certain soil bank checks and apply the proceeds in the payment of a mortgage against the real estate devised by the will. The petition did not allege the defendants failed to collect the soil bank checks through any fault or dereliction, or that T. R. Downer will not faithfully apply the funds, when collected, as directed by the will. The petition simply alleges that the soil bank checks have not been collected and used by the defendants to pay off the mortgage indebtedness.

No cause for accounting is set forth.

5. It is well settled that agreements among the heirs at law to distribute or divide property devised under a will, in lieu of that manner provided by the will, are valid and enforceable. *Watkins v. Watkins,* 24 Ga. 402; *Fulton v. Smith,* 27 Ga. 413; *Sutton v. Ward,* 195 Ga. 314 (24 SE2d 17). Such agreements have as their consideration the termination of family controversies (*Smith v. Smith,* 36 Ga. 184, 193, 91 AD 761), and are upheld "albeit perhaps resting on grounds which would not have been satisfactory if the transaction had occurred between mere strangers." *Smith v. Smith,* 36 Ga. 184, 191. They partake of the nature of family arrangements and are, in essence, solely contractual and governed by rules applicable to all contracts. Annot., 42 ALR2d 1319, 1322 (1955). See in this connection, *Jones v. Robinson,* 172 Ga. 746 (158 SE 752).

Therefore, turning to an examination of the contract which the plaintiffs seek to have specifically performed, the general rules of law applicable to contracts must be recognized. The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality (*Simpson & Harper v. Sanders & Jenkins,* 130 Ga. 265, 60 SE 541; *Gray v. Lynn,* 139 Ga. 294, 77 SE 156), and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. *Georgia Southern & F. R. Co. v. Taylor,* 142 Ga. 350 (82 SE 1058); *Crawford v. Williford,* 145 Ga. 550 (89 SE 488); *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99 (97 SE2d 129). A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible. There

are instances when certain deficiencies or ambiguities may be explained by facts aliunde the instrument itself. However, information of such extrinsic nature may not be utilized to supply that which is essential to constitute a valid contract. *Sturdivant v. Walker*, 202 Ga. 585 (4) (43 SE2d 527).

As was held in *Dowling v. Doyle*, 149 Ga. 727, 728 (2a) (102 SE 27), a contract "must be certain and unequivocal in all its essential terms either within itself or by reference to some other agreement or matter, or it can not be specifically enforced." In short, in order to authorize specific performance of a contract, its terms, as to all material particulars, must be clear, distinct and definite. *Shropshire v. Rainey*, 150 Ga. 566 (2) (104 SE 414) ; *Lance v. Crane*, 214 Ga. 284, 285 (104 SE2d 439). With these precepts in mind, we now examine the instant contract.

The contract provided for a division of the entire estate, including the property devised to the three minor children. J. T. Downer, Jr., was to take whatever action necessary to perfect title to that property into the estate, but the contract does not specify when, by what method, or at whose expense the property of the minors was to be acquired. The property of a minor may be disposed of by his guardian for the payment of the ward's debts, providing for his care, maintenance, support and education and of those dependent upon the ward, and for the purpose of reinvestment when deemed to be in the best interests of the ward. *Code Ann.* §§ 49-202 and 49-203 (Ga. L. 1958, pp. 673, 676-677). This is accomplished after due hearing and appropriate order by the ordinary (*Code Ann.* § 49-204; Ga. L. 1958, pp. 673, 677; Ga. L. 1960, pp. 170, 171; Ga. L. 1962, pp. 93, 94), or in the case of sale other than for reinvestment, under his direction. *Code* § 49-205. None of these circumstances is alleged and there is no showing as to how it would be possible to obtain the land in question. "The law will not permit a guardian to act in such way that his own personal interest may come in conflict with the interest of his ward with respect to the estate of the latter in his charge." *Allen v. Wade*, 203 Ga. 753 (1) (48 SE2d 538), and cases cited.

The contract in this case was that the whole of the estate be divided among certain heirs at law, conditioned upon a portion

of said property devised to minor children being acquired on behalf of the estate. The petition in failing to set forth that such acquisition was possible fell short of alleging that the agreement was legally operative or enforceable.

The contract further provided for a sale of the real estate and improvements thereon upon a majority agreement. As we have seen, the contract was not that a part of the real property be sold by agreement of the majority, but that all be disposed of by sale. From the averments of the petition, the option contract related only to part of the real property. Hence, the agreement to sell was not in conformity with the provisions of the contract, and the plaintiffs failed to allege that an essential ingredient of the contract, the agreement on a fair price for sale of the real estate by a majority of the parties, had been accomplished. "No valid and enforceable contract could arise between the parties until the performance of the condition. . . The contract in question shows on its face that it is lacking in mutuality, and that such lack of mutuality can be cured only by a meeting of the condition therein expressed. Accordingly, the petition in failing to allege a meeting of the condition, fails to set forth a cause of action for specific performance." *Wehunt v. Pritchett*, 208 Ga. 441, 443 (67 SE2d 233). See *F. & C. Investment Co. v. Jones*, 210 Ga. 635 (81 SE2d 828).

We need not dwell on the lack of particularity and certainty of the contract, for the above stated reasons render it incapable of being specifically performed.

6. The terminal question for decision is whether a cause is set out for a constructive trust being imposed on J. T. Downer, Jr. In order for there to be a constructive trust the subject matter must be in the trustee and the beneficial interest in the parties for whom the use of such trust exists. *Code* §§ 108-106.1, 108-106.2. That is, an instrument relied upon as creating an implied trust must show facts from which it may be ascertained that legal title to the property is in one person and the beneficial interest in another.

The petition fell short of setting up an implied trust. Its averments affirmatively disclosed that J. T. Downer, Jr., in his individual capacity did not hold the property alleged to be

the subject of the trust and failed to make it appear that the property should be held for the benefit of the plaintiffs. J. T. Downer, Jr., as executor, was, according to the petition, in possession of the property owned by the testatrix at the time of her demise. It is not alleged that she did not owe debts for which her estate was liable, and which her executor was legally required to pay. So far as may be ascertained from the averments of the petition, the estate may have had no more value than the amount of debts owed by testatrix at the time of her death.

*Judgment affirmed. All the Justices concur.*